1    Sandford L. Frey (State Bar No. 117058)
     Robyn B. Sokol (State Bar No. 159506)
2    **LEECH TISHMAN FUSCALDO & LAMPL, INC.**
3    1100 Glendon Avenue, 15th Floor
     Los Angeles, California 90024
4    Telephone: (424) 738-4400; Facsimile: (424) 738-5080
     E-mail: *sfrey@leechtishman.com*
5            *rsokol@leechtishman.com*

6    (Proposed) Attorneys for Tree Lane, LLC
     Debtor and Debtor-in-Possession
7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                    **LOS ANGELES DIVISION**

11   In re                                    | Case No.: 2:24-bk-13201-BB

12       TREE LANE LLC,                       | Chapter 11

13                                            | **Chapter 11**
         Debtor and Debtor-in-Possession.
14                                            | **APPLICATION BY DEBTOR AND
                                                DEBTOR IN POSSESSION FOR ORDER**
15                                            | **APPROVING EMPLOYMENT OF
                                                LEECH TISHMAN AS GENERAL**
16                                            | **COUNSEL EFFECTIVE APRIL 25, 2024;
                                                STATEMENT OF DISINTERESTEDNESS**
17                                            | **IN SUPPORT THEREOF**
18                                            | [11 U.S.C. §§ 327(a) and 330, Fed. R. Bank. P.
19                                              2014 and Loc. Bankr. R. 2014-1(b)(1)
20                                            | Date:  May 29, 2024
                                                Time: 10:00 a.m.
21                                              Ctrm: 1539
22                                              United States Bankruptcy Court
                                                255 E. Temple Street
23                                              Los Angeles, CA 90012
24
25

26   **TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE,**

27   **THE TWENTY LARGEST UNSECURED CREDITORS, AND THE OFFICE OF THE**

28   **UNITED STATES TRUSTEE:**

LEECH TISHMAN FUSCALDO & LAMPL, INC.
1100 GLENDON AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90024
(424) 738-4400

Applicant, Tree Lane LLC, Debtor and Debtor in Possession ("**Debtor**"), hereby applies for an order authorizing the employment of Leech Tishman Fuscaldo & Lampl, Inc. ("**Leech Tishman**"), as its general bankruptcy counsel effective April 25, 2024, and in support of this application ("**Application**"), respectfully represents as follows:

## I.    JURISDICTION AND VENUE

This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

The statutory basis for the relief requested herein are 11 U.S.C. §§ 105(a), 327(a), 328, 329, 330, 503(b), 504 and 507(a)(l); Federal Rules of Bankruptcy Procedure ("**FRBP**") 2014 and 2016, and Rules 2014-1(b) and 2016-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("**Local Bankruptcy Rules**" or "**LBR**") and the Guide to Applications for Retainers, and Professional and Insider Compensation issued from the Office of the United States Trustee (revised 2008) ("**Compensation Guide**").

## II.    BACKGROUND

1.    This Chapter 11 bankruptcy case ("**Case**") was commenced by the filing of a Voluntary Petition by the Debtor under Chapter 11 of Title 11 of the United States Code (beginning at 11 U.S.C. § 101, *et seq.*, "**Bankruptcy Code**") on April 25, 2024 ("**Petition Date**") [ECF Doc. 1].

2.    The Debtor is a California limited liability company.  The Debtor intends to operate as a debtor in possession.  As of the date of this Application, no creditors committee has been appointed in this case.

3.    The Debtor's primary asset is approximately four (4) acres of a developable real property located at 2451 Summitridge Drive, Beverly Hills, California 90210 (the "**Property**"), and the development plans and permits for the development of the Property.  The Debtor acquired the Property over a decade ago intending to develop it into luxurious residential housing.  The Debtor's development plan and permits for the Property provide for a one-of-a-kind luxurious, state-of-the-art single-family residential home with approximately 30,000 square feet of living space, a private pool and spa, a home theater, and an eight (8) car garage with a car lift (the "**Project**").

LEECH TISHMAN FUSCALDO & LAMPL, INC.
1100 GLENDON AVENUE, 15ᵗʰ FLOOR
LOS ANGELES, CALIFORNIA 90024
(424)738-4400

4.      This Case is necessitated by a series of events that prevented the Debtor from completing this massive construction Project and forced the Debtor to file this case including the breaches of the loan agreement and bad faith actions of its primary lender Skylark Capital Management, LLC ("**Skylark**") and its principal, including fraudulent conveyances and the unlawful withholding of funds by Skylark.  Through the instant bankruptcy case, the Debtor seeks to obtain debtor-in-possession financing ("**DIP Financing**") to monetize its assets for the benefit of the Debtor's estate ("**Estate**") and all stakeholders, and to resolve various causes of action against the Debtor's largest secured creditor, Skylark and its assignee Skylark (UK) Servicing, LLC ("**Skylark UK**" and jointly "**Skylark Parties**").  Despite attempts to reach a consensual resolution of issues with the Skylark Parties, they sought to appointment a receiver over the Debtor and the primary assets of its Estate – the Property and Project.

## III.      RELIEF REQUESTED

5.      The Debtor expects various legal issues to arise in the administration of this Bankruptcy Case that will require the services of experienced and competent bankruptcy counsel. The Debtor seeks to employ Leech Tishman as its Chapter 11 counsel effective as of the Petition Date.  The Debtor has selected Leech Tishman because Leech Tishman has considerable bankruptcy experience, and the Debtor believes that Leech Tishman is well-qualified to represent the Debtor in this matter.

6.      The professional services that Leech Tishman expects to render include the following:

a.      Advise the Debtor as to the requirements of the Bankruptcy Court, the Bankruptcy Code, FRBP, LBR, and the Office of the United States Trustee as they pertain to the Debtor;

b.      Advise the Debtor as to certain rights and remedies of its bankruptcy estate and the rights, claims, and interests of creditors and/or other parties in interest;

c.      Advise and represent client with regard to the administration of the Chapter 11 bankruptcy estate and duties of a Debtor in Possession;

d.      File motions and other contested matters and assist in the formulation and confirmation of a plan of reorganization;

L E E C H   T I S H M A N   F U S C A L D O   &   L A M P L ,   I N C .
1100 GLENDON AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90024
(424) 738-4400

e.    Assist the Debtor with the negotiation, documentation, and any necessary Court approval of transactions disposing of property of the estate;

f.    Represent the Debtor in any proceeding or hearing in the Bankruptcy Court involving the bankruptcy estate unless the Debtor is represented in such hearing or proceeding by special counsel;

g.    Conduct examinations of witnesses, claimants and/or adverse parties;

h.    Prepare and assist the Debtor in preparation of reports, applications, and pleadings, including but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, schedules, statement of financial affairs, financing pleadings, and pleadings with respect to the Debtor's use, sale, or lease of property outside the ordinary course of business;

i.    Assist the Debtor in the negotiation, formulation, preparation, and confirmation of a plan of reorganization ("**Plan**") and the preparation and approval of a disclosure statement in connection with the Plan;

j.    Advise Debtor with respect to the assumption of any unexpired leases or executory contracts;

k.    Perform any other services, which may be necessary and appropriate in the representation of the Debtor during the Bankruptcy Case; and

l.    Represent the Debtor in such other matters as agreed to by the Debtor and Leech Tishman in connection with the Bankruptcy Case.

Leech Tishman is a full-service business law firm. Leech Tishman attorneys are admitted to practice law in the California courts and in the United States District Courts for the Northern, Central and Southern Districts of California and before the United States Court of Appeals for the Ninth Circuit. Inasmuch as Leech Tishman is a national firm, it also utilizes the services of partners, counsel, associates, and paralegals in other offices.

7.    Sandford L. Frey, Robn B. Sokol, Dennette Mulvaney, Lori Schwartz and several other Leech Tishman attorneys routinely practice in matters of insolvency, reorganization, and bankruptcy and are well-qualified to represent the Debtor. As shown by the biographical information

L E E C H   T I S H M A N   F U S C A L D O   &   L A M P L ,   I N C .
1100 GLENDON AVENUE, 15ᵗʰ FLOOR
LOS ANGELES, CALIFORNIA 90024
(424)738-4400

APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER APPROVING EMPLOYMENT OF
LEECH TISHMAN AS GENERAL COUNSEL

4873-4780-7161, v. 1

attached as ***Exhibit 1*** and incorporated by this reference, Leech Tishman and its professionals are very experienced in insolvency, bankruptcy, and reorganization matters and are well-qualified to represent Applicant.  A copy of the schedule of Leech Tishman's current billing rates for attorneys and paralegals is attached as ***Exhibit 2*** and incorporated by this reference.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions, usually on January 1st of each year.

## IV.    TERMS OF EMPLOYMENT AND COMPENSATION

8.    The Debtor proposes to employ Leech Tishman as its bankruptcy counsel and reorganization counsel on an hourly rate basis as set forth in ***Exhibit 2***.  Leech Tishman's fees are computed and billed on a time-expended basis in accordance with the hourly rates assigned to each professional or paraprofessional.  On March 11, 2024, the Debtor entered into an Engagement Agreement with Leech Tishman, a true and correct copy of which is attached as ***Exhibit 3*** and incorporated by this reference.  On or about March 14, 2024, a wire transfer was sent to Leech Tishman in the amount of $50,000.  These funds were expended for state court litigation services as well as bankruptcy related services prior to the Petition Date leaving Applicant with no retainer for post-petition service.  Also, the funds were received from a third party and not the Debtor.

9.    Leech Tishman intends to file one or more fee applications seeking authority to receive compensation and reimbursement of expenses from the Debtor consistent with any orders of the Bankruptcy Court and the applicable procedures established by the Office of the United States Trustee. Leech Tishman recognizes that the payment of its fees and expenses is subject to further Court order after notice and a hearing.  Leech Tishman has agreed to accept as compensation for its services such additional sums as may be allowed by this Court, based upon time spent and services rendered, results achieved, difficulties encountered, and other appropriate factors, and will otherwise comply with the procedures set forth in the Bankruptcy Code, FRBP, and the Local Bankruptcy Rules.  All monies received and to be received by Leech Tishman shall be subject to the rules and regulations governing the payment of professionals in a bankruptcy case.

10.    Leech Tishman seeks Court approval to receive monthly distributions from the DIP Financing after notice of such fees to the Office of the United States Trustee and the 20 largest

APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER APPROVING EMPLOYMENT OF LEECH TISHMAN AS GENERAL COUNSEL

4873-4780-7161, v. 1

creditors and no objection thereto being raised and will use the Professional Fee Statement Form.

Leech Tishman recognizes that such fees and reimbursed costs are subject to final approval of this

Court.

## V.   NO ADVERSE INTERESTS/DISINTERESTEDNESS

11.    There are no arrangements between Leech Tishman and any other entity for the

sharing of compensation received or to be received in connection with this case, except insofar as

such compensation may be shared among the partners, of counsel, and associates of Leech Tishman.

The Debtor is informed and believes that Leech Tishman would not have accepted this engagement,

and Leech Tishman will not continue with this engagement, without the compensation arrangements

set forth herein, including the monthly application of potential DIP Financing subject to notice and

final Court approval.  No amounts in excess of those provided for in the anticipated DIP Financing

will be paid by the Debtor to Leech Tishman, except upon application to, and approval by, the

Bankruptcy Court after notice and a hearing.

12.    Leech Tishman understands and agrees to accept employment on grounds that its fees

may be awarded only by application to, and approval by, this Court after notice and a hearing.  Leech

Tishman seeks employment pursuant to 11 U.S.C. § 330.  Leech Tishman is familiar with the

Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the

Central District of California, the Compensation Guide and the Guidelines of the United States

Trustee and will comply with them.

13.    Leech Tishman adheres to a conflict checking procedure, which involves the attorney

originating the engagement completing an Intake Report ("**Intake Report**").  The Intake Report

requires the originating attorney to list, if such information is available at that time, and again if other

information becomes available later, all parties involved in a specific matter, whether such parties are

the proposed client or any affiliate, any adverse parties, and their counsel and any other interested

party in the case.  The Intake Report also allows the attorney to list specific, additional conflict

search terms to be checked against Leech Tishman's client database.  Leech Tishman's

intake/conflicts clerk then runs the client names, adverse parties and other search terms through

ProLaw, Leech Tishman's database, which generates a report and identifies any "hits" that may

LEECH TISHMAN FUSCALDO & LAMPL, INC.
1100 GLENDON AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90024
(424) 738-4400

indicate a potential conflict.  The report is sent to the originating attorney and the Leech Tishman partner designated as the firm's conflicts counsel who will then consult with the originating attorney to determine if there is a true conflict and to address it, and any relevant information is noted for disclosure under Bankruptcy Rule 2014.

14.    In addition to the Intake Report and database search set forth above, personnel at Leech Tishman also circulate new matter emails at the firm, which contains the client and affiliate names, known adverse parties, all other relevant party information, and a brief description of the substance of the engagement, along with the name of the attorney responsible for the matter.  This list is circulated by email to all attorneys in the firm.  If any attorney recognizes any potential conflict or other potentially disqualifying circumstance or connection, that attorney must immediately notify the attorney responsible for the engagement who then determines whether additional disclosures under Bankruptcy Rule 2014 are required to supplement those generated by the original conflict search.  Thus, all new matters at the firm undergo both a mechanical search by the intake/conflicts clerk through the ProLaw client database and another search through review by every attorney at the firm through the circulation of the new matter email.

15.    Based on the foregoing search, no conflicts were found.

16.    Based on the foregoing, Leech Tishman is disinterested and does not represent or hold an interest adverse to the Debtor and its estate.

17.    As set forth in the attached Statement of Disinterestedness, Leech Tishman carefully reviewed its files and determined that no conflict exists in connection with this matter, and that as of the date of the Application, to the best of the Debtor's knowledge and after consideration of the disclosures in the attached Statement, the Debtor believes that Leech Tishman and all of its partners and associates are disinterested persons as that term is defined in 11 U.S.C. § 101(14), and neither Leech Tishman nor any partners nor associates of Leech Tishman are connected with the Debtor, the Debtor's creditors, any other party in interest, its respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee; nor does Leech Tishman nor its attorneys represent or hold an adverse interest with respect to the Debtor, any creditor, or to this Estate.

APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER APPROVING EMPLOYMENT OF
LEECH TISHMAN AS GENERAL COUNSEL

4873-4780-7161, v. 1

1       18.    The Debtor is satisfied from the Statement of Disinterestedness that employment of

2   Leech Tishman as the Debtor's general bankruptcy counsel would be in the best interest of the

3   Estate.  References to Leech Tishman include all attorneys and persons employed by Leech Tishman.

4   Leech Tishman is not a creditor of the Debtor, an equity security holder of the Debtor, or an insider

5   of the Debtor.  Leech Tishman is not and was not, within 2 years prior to the Petition Date, a director,

6   officer, or employee of the Debtor.  Pursuant to the disclosures contained in the attached declaration,

7   Leech Tishman has no interest materially adverse to the interest of the estate or any class of creditors

8   or equity security holders, either by reason of any direct or indirect relationship to, connection with,

9   or interest in the Debtor, or for any other reason.

10  **VI.     CONCLUSION**

11      Based on the foregoing, the Debtor respectfully requests that an order be entered authorizing

12  the employment of Leech Tishman as of April 21, 2024 pursuant to Sections 327 and 330 of the

13  Bankruptcy Code, and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy

14  Procedure on the terms stated herein.

15

16      Signature to follow

17  Dated: May 7, 2024       _____
                             Mohamed A. Hadid
18                           Sole Member and Manager of Summitridge
                             Development II LLC, the sole member of the
19                           Debtor

20

21

22  Presented by:
    Leech Tishman

23

24  By:  /s/ Robyn B. Sokol
           Robyn B. Sokol

25

26

27

28

APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER APPROVING EMPLOYMENT OF
LEECH TISHMAN AS GENERAL COUNSEL
4873-4780-7161, v. 1

L E E C H   T I S H M A N   F U S C A L D O   &   L A M P L ,   I N C .
1100 GLENDON AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90024
(424)/738-4400

**STATEMENT OF DISINTERESTEDNESS**

**FOR EMPLOYMENT OF PROFESSIONAL PERSON**

**UNDER RULE 2014, FEDERAL RULES OF BANKRUPTCY PROCEDURE**

[The following is providing in conformity with Form No.2014-1 of the United States Bankruptcy Court, Central District of California]

I, Robyn B. Sokol, declare:

1.      I am an attorney at law licensed to practice in the State of California and before the United States District Courts and United States Bankruptcy Courts for the Northern, Central and Southern Districts of California.  I am a partner in the law firm of Leech Tishman, the proposed attorneys for the Debtor.  I am authorized to make this Declaration on behalf of Leech Tishman.  All capitalized terms used herein are as defined in the foregoing Application.

2.      This declaration is made in support of the foregoing Application by the Debtor to employ Leech Tishman as its general bankruptcy counsel as of April 24, 2024.  Leech Tishman, its members and associates are well-qualified to represent the Trustee in this matter, as can be seen by Leech Tishman's biographical information, a true and correct copy of which is attached as ***Exhibit 1*** and incorporated by this reference.

3.      Leech Tishman understands and agrees to accept employment on grounds that its fees may be awarded only by application to, and approval by, this Court after notice and a hearing.  It is contemplated that Leech Tishman will seek compensation and reimbursement of expenses from the Estate based upon its normal and usual hourly billing rates and may seek interim compensation as permitted by U.S.C. §§ 330 and 331.

4.      On March 11, 2024, the Debtor entered into an Engagement Agreement with Leech Tishman, a true and correct copy of which is attached as ***Exhibit 3*** and incorporated by this reference.  On or about March 14, 2024, a wire transfer was sent to Leech Tishman in the amount of $50,000.  These funds were expended for state court litigation services as well as bankruptcy related services prior to the Petition Date leaving Applicant with no retainer for post-petition service.  Also, the funds were received from a third party and not the Debtor.

APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER APPROVING EMPLOYMENT OF LEECH TISHMAN AS GENERAL COUNSEL

4873-4780-7161, v. 1

5.    Leech Tishman carefully reviewed its files and determined that to the best of its knowledge and belief no conflict exists in connection with this matter, and that Leech Tishman neither holds nor represents a claim against the Debtor or the Estate.  As attested to below, in the ordinary course of opening a file, it is Leech Tishman's procedure to determine if it holds an interest in or represents any creditor or party in interest with an interest adverse to the Debtor or the Estate. Leech Tishman has determined that to the best of its knowledge and belief it holds no adverse interest to this Debtor or the Estate.

6.   Based on the information provided to me by Leech Tishman's search, I believe to the best of my knowledge, information and belief that Leech Tishman does not represent, and has not represented, any creditor or other party in interest in this Case.  Therefore, to the best of my and Leech Tishman's knowledge, information and belief, Leech Tishman is a disinterested party in the within Case as that term is defined by the Bankruptcy Code.

7.    The following is a complete description of Leech Tishman's connections with the Debtor, its creditors, any other party in interest, its respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee:  None.

8.    To the best of my knowledge, information and belief, Leech Tishman is not a creditor, an equity security holder or an insider of the Debtor.

9.    To the best of my knowledge, information and belief, Leech Tishman is not and was not an investment banker for any outstanding security of the Debtor.

10.    To the best of my knowledge, information and belief, Leech Tishman is and was not, within three years before the date of the filing of the Petition, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

11.    To the best of my knowledge, information and belief, Leech Tishman is not and was not, within two years before the date of filing of the Petition, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

///

APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER APPROVING EMPLOYMENT OF
LEECH TISHMAN AS GENERAL COUNSEL

4873-4780-7161, v. 1

12.     To the best of my knowledge, information and belief, Leech Tishman neither holds nor represents any interest materially adverse to the interests of the Estate or of any class of creditors or equity security holders, for reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, the Trustee, or an investment banker for any security of the Debtor, or for any other reason.

13.     Leech Tishman's business address in Los Angeles is 1100 Glendon Avenue, 15th Floor, Los Angeles, California 90024; telephone (626) 796-4000; facsimile (424) 738-5080.

14.     The members, associates and paralegals of Leech Tishman are not relatives or employees of any judge of the United States Bankruptcy Court for the Central District of California, the United States Trustee, or any person currently employed in the Office of the United States Trustee.

15.     I am familiar with, and will comply with, the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Central District of California, and the Guidelines of the Office of the United States Trustee.  I have instructed my legal assistant to provide notice of the proposed employment of Leech Tishman to proper parties pursuant to Local Bankruptcy Rule 2014-1(b)(2).

16.     Leech Tishman did not receive a Retainer.  Leech Tishman intends to seek disbursement in accordance with the Compensation Guide of any funds obtained through the DIP Funding for the purpose of satisfying its fees and costs.  Subject to Court approval, to the extent of the amount provided for legal fees and costs in the anticipated DIP Financing, Leech Tishman will pay its post-petition fees and costs from such amount as provided in the budget.  Leech Tishman intends to file monthly professional fee statements with the Office of the United States Trustee in accordance with the Compensation Guide.

///

///

///

///

///

APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER APPROVING EMPLOYMENT OF LEECH TISHMAN AS GENERAL COUNSEL

4873-4780-7161, v. 1

17.     The hourly rates of Leech Tishman's attorneys and paraprofessionals is attached as *Exhibit 2* and incorporated by this reference.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, except for those matters which are stated on information and belief, and as to those matters, I believe them to be true, and that this declaration is executed on May 6, 2024, at Los Angeles, California.

Robyn B. Sokol

APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER APPROVING EMPLOYMENT OF LEECH TISHMAN AS GENERAL COUNSEL

4873-4780-7161, v. 1

## DECLARATION OF MOHAMED A. HADID

I, Mohamid A. Hadid, declare as follows:

1.      I submit this declaration in support of the Application of Debtor and Debtor-in-Possession Pursuant to Bankruptcy Code §§ 327(a), 330 and 1107; and FRBP 2014 for an Order Authorizing the Employment of Leech Tishman Fuscaldo & Lampl, Inc. as Chapter 11 Counsel.  I am an individual over the age of eighteen, and I have personal knowledge of the facts set forth below and, if called to testify, would and could competently testify thereto.

2.      I am the managing member and sole member of Summitridge Development II LLC, the managing member of Tree Lane, LLC, California limited liability company, the Debtor and Debtor in Possession ("**Debtor")**.  The Debtor commenced this case by filing a voluntary Chapter 11 petition on April 25, 2024.

4.      By the foregoing Application, the Debtor seeks Court approval of the retention of Leech Tishman as general bankruptcy counsel.

5.      To the best of my knowledge and belief, Leech Tishman represents no interest adverse to the Debtor or its estate and is a disinterested person as that term is defined in the Bankruptcy Code.

6.      I believe that the employment of Leech Tishman as general counsel for the Debtor is in the best interest of the Chapter 11 estate.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed on May __, 2024 at Los Angeles, California.

Signature to follow
_____
Mohamed A. Hadid
Sole Member and Manager of Summitridge
Development II LLC, the sole member of the
Debtor

LEECH TISHMAN FUSCALDO & LAMPL, INC.
1100 GLENDON AVENUE, 15TH FLOOR
LOS ANGELES, CALIFORNIA 90024
(424) 738-4400

APPLICATION BY DEBTOR AND DEBTOR IN POSSESSION FOR ORDER APPROVING EMPLOYMENT OF
LEECH TISHMAN AS GENERAL COUNSEL
4873-4780-7161, v. 1

Exhibit 1



# Sandford L. Frey

Partner

**Email:** sfrey@leechtishman.com
**Phone:** 626.796.4000
**Office:** 1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024

Sandford L. Frey ("Sandy") has experience with out-of-court workouts, Chapter 11 reorganizations, bankruptcy, insolvency and lending, real estate, general corporate and transactional matters, and wine law. Sandy serves as Co-Chair of the Business Restructuring & Insolvency Practice Group.

Sandy has over 39 years of experience representing debtors, lenders, purchasers, creditors, and borrowers in and out of Chapter 11 matters, as well as in business and lending transactions and loan workouts. He has very diverse experience in business and business reorganizations, not only in the Central, Northern, and Southern Districts of California, but throughout the United States.

During his career, Sandy has represented clients in the automotive, entertainment, food and beverage, hospitality, real estate, retail, and telecommunications industries, as well as religious organizations, including the International Society of Krishna Consciousness and Chabad of Westwood. Sandy's past representations include serving as counsel for the Debtor in numerous retail Chapter 11 cases, including a 21-store mini-department store chain; a 41-store chain retailer and licensor of dynamic trade names; a large tile and brick retailer; a retail mall and banquet facility; various shopping malls, hotels, and entertainment venues; a retail jewelry store chain; and a number of upper-and middle-market cellular telephone retailers.

Sandy has particular emphasis in restructurings and reorganizations for restaurants, hotels, and nightclubs. He recently confirmed a reorganization plan, successfully reorganizing 75 Jack in the Box franchises in the 8th Circuit, which accounted for nearly the entire Missouri and Illinois markets. He also negotiated a successful out-of-court restructuring for a well-known and well-respected Los Angeles high-end restaurant. In the hospitality area, Sandy successfully completed an out-of-court restructuring for a prominent hotel and resort located near Lake Placid, New York. He has represented and reorganized a number of hotels throughout Beverly Hills and Los Angeles.

Recently, Sandy also successfully confirmed a plan of reorganization for Hawkeye Entertainment, LLC, after prevailing in a five-day trial regarding the assumption of a commercial lease (over the hard-fought objection of the landlord). The leased premises is home to one of the most popular night club and event venues in the world. In addition to prevailing at trial, Sandy's client obtained a legal fees award against the landlord of approximately $600,000. The case resulted in a number of reported decisions, including *In re Hawkeye Entm't* 625 B.R. 745 (Bankr. C.D. Cal. 2021), aff'd *In re Hawkeye Entm't* 2:20-cv-10656-FLA (U.S.D.C; 2021); and affirmed on appeal to the 9th Circuit Court of Appeals in *In re Hawkeye Entm't __ F4th ___* (9th Cir. 2022).

Sandy often represents borrowers in negotiating and documenting new financing, DIP loans, and takeout financing.

Sandy frequently represents purchasers of assets in Chapter 11. He represented a well-known mortgage lender in it's efforts to negotiate and confirm a consensual orderly liquidation plan, which was highly successful and resulted in very significant distribution to unsecured creditors. Sandy also confirmed a plan of reorganization for several car washes filed in both the Central and Eastern Districts of California.

Over the course of his career, Sandy has represented clients in a number of significant real estate-related reorganizations, including reorganization due to real estate insolvencies; the reorganization of a financial services company that owned shopping and retail centers located in San Fernando Valley and Las Vegas, Nevada; the reorganization of a strip mall in Encino, California; and the reorganization of a historic Beaux Arts building in downtown Los Angeles.

Sandy and his partner were lead Creditors' Committee counsel in a Chapter 11 case of a private equity and asset management firm based in Los Angeles, California. The matter was related to a real estate investment with $650 million in unsecured debt.

CHICAGO, IL  |  LOS ANGELES, CA  |  NEW YORK, NY  |  PHILADELPHIA, PA  |  PITTSBURGH, PA  |  SARASOTA, FL  |  WASHINGTON, D.C.  |  WILMINGTON, DE
WESTWOOD, CA  |  PASADENA, CA
**LEECHTISHMAN.COM**

Exhibit 1, Page 14

Sandy is proud to have recently been elected to the board of the Pasadena Symphony and POPs, and is excited to participate in such a world class and worthy organization. In addition, Sandy previously served on the Executive Board of the North American Sommelier Association. Sandy also has a number of wine certifications, including a Certified Sommelier (WSA/NASA); Certified Specialist of Italian Wine (AIS/NASA); Certified Specialist of American Wine (NASA); Certified Specialist of Wine (CSW) — Society of Wine Educators; and Master of Sangiovese (NASA). Sandy completed and successfully passed the Wine Education and Management program at UCLA. He was a frequent guest lecturer on a number of wine topics, particularly for Piemonte, Italy.

Prior to joining Leech Tishman, Sandy was a Partner at Robinson Diamant Brill & Klausner, a Los Angeles-based law firm focused on business bankruptcy, business commercial transactions, and litigation, as well as several other prominent firms. Sandy served as Judicial Clerk to the Hon. James R. Dooley, U.S. Bankruptcy Court, Central District of California.

## Capabilities
Business Restructuring & Insolvency (Co-Chair)
Bankruptcy Chapter 11 Debtor (Co-Leader)
Bankruptcy Chapter 11 Subchapter V Debtor (Co-Leader)
Business Wind Down and Liquidation (Co-Leader)
Prosecution and Defense of Avoidance Actions in Bankruptcy (Co-Leader)

## Admissions
California
U.S. District Court, Central District of California
U.S. District Court, Northern District of California
U.S. District Court, Southern District of California

## Academics
J.D., University of West Los Angeles School of Law
B.A., California State University at Northridge

## Licenses & Certifications
Certified Sommelier (WSA/NASA)
Certified Specialist of Italian Wine (AIS/NASA)
Certified Specialist of American Wine (NASA)
Certified Specialist of Wine (CSW), Society of Wine Educators
Master of Sangiovese (NASA)

## Professional Memberships
Los Angeles County Bar Association
State Bar of California
Financial Lawyers Conference (Member, Bankruptcy Forum)
Central District of California (Past Member, Bankruptcy Local Rules Committee, 1988)

North American Sommelier Association ("NASA") (Counselor/Legal Advisor; Executive Board Member)

## Professional Accolades
### *Super Lawyers*
Super Lawyer, Business Restructuring & Insolvency Law, *Southern California Super Lawyers Magazine* (2023)

### *Additional Accolades*
Award for Outstanding Legal Journalism (Recipient)
Top Attorneys, *Pasadena Magazine* (2019-2022)
Lawyers of Distinction (2019)

## Publications
"Trust Me or Trustee? The Requirements for Appointment of a Trustee or Examiner under 11 U.S.C. §1104," 17," *California Bankruptcy Journal 34* (Author)
"Acquisitions through Chapter 11, The Good 11, The Good, The Bad and The Ugly," *Los Angeles Lawyer*, Los Angeles County Bar Association (Author)
Frequent speaker on wines of Piemonte and Burgundy, UCLA Extension

## Community Involvement
Pasadena Symphony & Pops (Governance Committee)

CHICAGO, IL  |  LOS ANGELES, CA  |  NEW YORK, NY  |  PHILADELPHIA, PA  |  PITTSBURGH, PA  |  SARASOTA, FL  |  WASHINGTON, D.C.  |  WILMINGTON, DE
LEECHTISHMAN.COM                                                                                                    WESTWOOD, CA  |  PASADENA, CA

Exhibit 1, Page 15

# LEECH TISHMAN



# Robyn B. Sokol
Partner

**Email:** rsokol@leechtishman.com
**Phone:** 626.796.4000
**Office:** 1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024

Robyn Sokol regularly advises clients on business reorganizations, creditors' rights and bankruptcy law, and all related transactions and litigation.

Robyn has served as lead counsel in scores of trials, evidentiary hearings, and motions in bankruptcy in courts throughout the United States. Her work includes negotiating, drafting, analyzing, and reviewing loan documents; real and personal property leases; purchase agreements; and licensing agreements. Robyn represents businesses in the manufacturing, marketing, retail, entertainment, finance, golf, hospitality, insurance, real estate, shipping, and healthcare industries.

Robyn regularly represents financial institutions, corporations, creditors' committees, Chapter 7 and 11 trustees, and secured and unsecured creditors. She has successfully defended preference actions filed against various entities, including a national insurance company, publication house, manufacturers, and a shipping company. As part of Robyn's comprehensive bankruptcy and creditors' rights practice, she represents Chapter 7 and 11 debtors and counsels mid-sized corporations and individual debtor clients in reorganizations.

Robyn served as a Judicial Law Clerk in the U.S. Bankruptcy Court, Central District of California, for the Honorable Robin Riblet; and as a Judicial Law Clerk (floating position) for Judges Ahart, Lax, Lasarow, March and Zurzolo.

## Capabilities
Business Restructuring & Insolvency
Court Appointed Trustee and Receivers (Leader)

## Admissions
California
U.S. Supreme Court
U.S. Court of Appeals, Ninth Circuit
U.S. District Court, Northern District of California
U.S. District Court, Central District of California
U.S. District Court, Eastern District of California
U.S. District Court, Southern District of California

## Academics
J.D., Boston University School of Law
B.S. in Finance and Real Estate, *cum laude*, University of Colorado, Boulder

## Experience
BG Law
Robinson Diamant & Wolkowitz

## Professional Memberships
State Bar of California
Los Angeles County Bar Association
American Bankruptcy Institute
American Bankruptcy Institute Battleground West (Advisory Board Member and Program Chair, 2016-2022)
Los Angeles Bankruptcy Forum (Board Member, 2016-2019)

## Professional Accolades
*Martindale-Hubbell*
Martindale Hubbell Distinguished Rating

*Best Lawyers*
Bankruptcy and Creditor Debtor Rights/Insolvency and Reorganization Law (2018-2024); Litigation - Bankruptcy (2018-2024), *The Best Lawyers in America*

*Super Lawyers*
Top 50 Women Southern California Super Lawyers, *Southern California Super Lawyers Magazine* (2016-2023)
Top 100: Southern California Super Lawyers, *Southern California Super Lawyers Magazine* (2016)
Southern California Super Lawyer, *Southern California Super Lawyers Magazine* (2014-2023)

*Additional Accolades*
Top Attorneys, *Pasadena Magazine* (2022-2023)

## Publications
"Why Media Companies and Celebrities 'Go Broke,'" *Forbes* (July 25, 2016)

CHICAGO, IL | LOS ANGELES, CA | NEW YORK, NY | PHILADELPHIA, PA | PITTSBURGH, PA | SARASOTA, FL | WASHINGTON, D.C. | WILMINGTON, DE
WESTWOOD, CA | PASADENA, CA
**LEECHTISHMAN.COM**

Exhibit 2, Page 16

## Speeches & Presentations

"Appealing Positions: Everything You Need to Know
   About Appeals," American Bankruptcy Institute
   Bankruptcy Battleground West (March 2017)
Crossfire Panel, American Bankruptcy Institute
   Battleground West (Co-Chair and Panelist, 2019; Co-
   Chair and Producer, 2021)

## Community Involvement

Voter Protection Legal Team

CHICAGO, IL  |  LOS ANGELES, CA  |  NEW YORK, NY  |  PHILADELPHIA, PA  |  PITTSBURGH, PA  |  SARASOTA, FL  |  WASHINGTON, D.C.  |  WILMINGTON, DE
LEECHTISHMAN.COM                                                                                                                   WESTWOOD, CA  |  PASADENA, CA

Exhibit 2, Page 17

Exhibit 2



**Effective Date:  1/1/2024**

| Name | Type | Rate |
|---|---|---|
| David X. Abramovitz | Partner | $ 575.00 |
| W. Thomas Babbitt | Partner | $ 550.00 |
| Jennifer P. Bierly | Partner | $ 400.00 |
| Kaylyn L. Boca | Partner | $ 475.00 |
| A. Bruce Bowden | Partner | $ 505.00 |
| William F. Bresee | Partner | $ 525.00 |
| William A. Buck | Partner | $ 475.00 |
| Alisa N. Carr | Partner | $ 495.00 |
| Steven R. Chadwick | Partner | $ 460.00 |
| Christopher S. Channel | Partner | $ 450.00 |
| Richard J. Cromer | Partner | $ 430.00 |
| John D. D'Ercole | Partner | $ 600.00 |
| David J. DelFiandra | Partner | $ 445.00 |
| Irfan M. Dinani | Counsel | $ 395.00 |
| Steven B. Eichel | Partner | $ 625.00 |
| Robert D. Estrin | Partner | $ 650.00 |
| Kenneth C. Foltz | Partner | $ 475.00 |
| Sandford L. Frey | Partner | $ 795.00 |
| Pete A. Fuscaldo | Partner | $ 550.00 |
| Marshall J. Gluck | Partner | $ 735.00 |
| Neil S. Goldstein | Partner | $ 675.00 |
| A. Mitchell Greene | Partner | $ 825.00 |
| Michael E. Greene | Partner | $ 500.00 |
| Heather S. Heidelbaugh | Partner | $ 530.00 |
| Ryan O. Hemminger | Partner | $ 405.00 |
| John J. Jacko III | Partner | $ 525.00 |
| Crystal H. Thornton-Illar | Partner | $ 425.00 |
| Steven D. Irwin | Partner | $ 570.00 |
| Lisa A Jones | Partner | $ 605.00 |
| Thomas E. Kass | Partner | $ 515.00 |
| Alan M. Kindred | Partner | $ 775.00 |

| | | |
|---|---|---|
| William S. Kogan | Partner | $ 600.00 |
| Michael P. Kruszewski | Partner | $ 450.00 |
| David W. Lampl | Partner | $ 650.00 |
| Michael D. Lazzara | Partner | $ 490.00 |
| Danton K. Mak | Partner | $ 660.00 |
| Damian J. Martinez | Partner | $ 550.00 |
| Charles E. McKeen | Partner | $ 515.00 |
| Bruce J. McNeil | Partner | $ 735.00 |
| Sara A. Mercer | Partner | $ 315.00 |
| Daniel T. Mongan | Partner | $ 525.00 |
| Douglas H. Morseburg | Partner | $ 625.00 |
| Dennette A. Mulvaney | Partner | $ 700.00 |
| Leonard B. Nathanson | Partner | $ 650.00 |
| Vincent S. Oleszkiewicz | Partner | $ 600.00 |
| Alicia M. Passerin | Partner | $ 470.00 |
| Forrest T. Passerin | Partner | $ 455.00 |
| Stefanie L. Pate | Partner | $ 410.00 |
| Cristina E. Perez | Partner | $ 555.00 |
| Erica M. Pietranton | Partner | $ 360.00 |
| Wanda R. Pistella | Partner | $ 460.00 |
| Ivan M. Posey | Partner | $ 640.00 |
| Douglas L. Rabuzzi | Partner | $ 475.00 |
| Roger A. Raimond | Partner | $ 600.00 |
| Matthew D. Rak | Partner | $ 465.00 |
| Fadi K. Rasheed | Partner | $ 605.00 |
| Fred B. Ringel | Partner | $ 825.00 |
| William A. Rome | Partner | $ 570.00 |
| Francesca M. Schiavone | Partner | $ 415.00 |
| Lori A. Schwartz | Partner | $ 635.00 |
| Philip T. Simpson | Partner | $ 600.00 |
| Robyn B. Sokol | Partner | $ 700.00 |
| John M. Steiner | Partner | $ 525.00 |
| Gregory F. Suher | Partner | $ 425.00 |
| Steven M. Taber | Partner | $ 490.00 |
| Philip H. Thomas | Partner | $ 560.00 |
| Ted Tishman | Partner | $ 335.00 |
| Philip A. Toomey | Partner | $ 760.00 |
| Alan G. Towner | Partner | $ 520.00 |
| Lee van Egmond | Partner | $ 500.00 |
| David V. Weicht | Partner | $ 550.00 |

| | | |
|---|---|---|
| Eric J. Wu | Partner | $ 550.00 |
| Wesley Yang | Partner | $ 660.00 |
| Charles M. Yeomans | Partner | $ 350.00 |
| Mark I. Zelko | Partner | $ 745.00 |
| | | |
| Matthew C. Capozzoli | Counsel | $ 500.00 |
| Jeffrey M. Carbino | Counsel | $ 625.00 |
| Michael A. Eisenberg | Counsel | $ 550.00 |
| Alan S. Fellheimer | Counsel | $ 525.00 |
| Jonathan P. Fodi | Counsel | $ 450.00 |
| Russell D. Giancola | Counsel | $ 400.00 |
| Laurel F. Grass | Counsel | $ 525.00 |
| MacKenzie F. Grills | Counsel | $ 325.00 |
| John M. Haschak | Counsel | $ 375.00 |
| Kristin A. Lawson | Counsel | $ 475.00 |
| LaVonne D. Lawson | Counsel | $ 575.00 |
| Leslie J. Messineo | Counsel | $ 525.00 |
| Diane R. Meyers | Counsel | $ 500.00 |
| Pamela R. Miller | Counsel | $ 750.00 |
| Rebecca R. Nathanson | Counsel | $ 500.00 |
| James K. Paulick | Counsel | $ 450.00 |
| Jennifer S. Pohlenz | Counsel | $ 440.00 |
| Michelle A. Ross | Counsel | $ 340.00 |
| Andrew J. Schellhammer | Counsel | $ 275.00 |
| Claire A. Steinman | Counsel | $ 470.00 |
| Yue Xiao | Counsel | $ 400.00 |
| Clement K. Yee | Counsel | $ 525.00 |
| | | |
| Esther J. Choe | Associate | $ 325.00 |
| Ashley N. Crane | Associate | $ 310.00 |
| Danny X. Ezraty | Associate | $ 460.00 |
| Alexander J. Gase | Associate | $ 375.00 |
| Madison V. Greenland | Associate | $ 325.00 |
| Mariam El Hasan | Associate | $ 290.00 |
| Matthew W. Indorante | Associate | $ 275.00 |
| Daniel E. Kelly | Associate | $ 365.00 |
| Alysia L. Libby | Associate | $ 350.00 |
| Rebeca H. Miller | Associate | $ 250.00 |

| | | |
|---|---|---|
| Sarah C. Norcott | Associate | $ 275.00 |
| Leah K. Sell | Associate | $ 415.00 |
| Luis A. Silva | Associate | $ 290.00 |
| Brett J. Warren | Associate | $ 375.00 |
| Alexander Y. Wilkinson | Associate | $ 250.00 |
| Julia S. Wu | Associate | $ 350.00 |
| Daniel P. Yeomans | Associate | $ 315.00 |
| | | |
| Natalia P. Arango | Paralegal | $ 170.00 |
| Patricia Carpenter | Paralegal | $ 130.00 |
| Amy L. Carson | Paralegal | $ 185.00 |
| Dea N.E. Collins | Paralegal | $ 205.00 |
| Christopher J. Devine | Paralegal | $ 285.00 |
| Sonny D. Douglas | Paralegal | $ 125.00 |
| Michelle L. English | Paralegal | $ 150.00 |
| Michele A. Gibson | Paralegal | $ 150.00 |
| Kiana R. Harley | Paralegal | $ 250.00 |
| Elena M. Hedderman | Paralegal | $ 150.00 |
| Drew J. Hunter | Paralegal | $ 160.00 |
| Sheree A. Lee | Paralegal | $ 180.00 |
| Yoko Mazza | Paralegal | $ 195.00 |
| Nathanael F. Meyers | Paralegal | $ 275.00 |
| Matthew J. Mocciaro | Paralegal | $ 195.00 |
| Lydia C. Moya | Paralegal | $ 150.00 |
| Marilyn C. Paik | Paralegal | $ 190.00 |
| Stephanie M. Porche | Paralegal | $ 225.00 |
| Jessica E. Rodriguez | Paralegal | $ 205.00 |
| Leah O. Roney | Paralegal | $ 225.00 |
| Geoffery M. Scott | Paralegal | $ 250.00 |
| Anne Marie Tufo | Paralegal | $ 205.00 |
| Aparna X. Verma | Paralegal | $ 200.00 |
| Bonnie L. Wingard | Paralegal | $ 150.00 |
| | | |
| Teresa L. Rath | Docketing | $ 150.00 |
| | | |
| Mildred L. Perrine | IP Technical Writer | $ 250.00 |

| | | |
|---|---|---|
| Dena A. Bender | Administrative Assistant | $ 145.00 |
| Bronwyn A. Burke | Administrative Assistant | $ 210.00 |
| William I Castleberry | Administrative Assistant | $ 150.00 |
| Pamela L. Fratangelo | Administrative Assistant | $ 165.00 |
| Enshia J. Greer | Administrative Assistant | $ 130.00 |
| Rita C. Hansen | Administrative Assistant | $ 155.00 |
| Susan Cranmer-Jervis | Administrative Assistant | $ 150.00 |
| Lauryn M. Laidacker | Administrative Assistant | $ 150.00 |
| Johnathan J. Lara | Administrative Assistant | $ 150.00 |
| Margaret G. Lazzara | Administrative Assistant | $ 150.00 |
| Aaron L. Mak | Administrative Assistant | $ 150.00 |
| Marcella L. Marshall | Administrative Assistant | $ 140.00 |
| Jennifer E. Mathews | Administrative Assistant | $ 140.00 |
| Donna M. Peake | Administrative Assistant | $ 150.00 |
| Joan S. Reed | Administrative Assistant | $ 140.00 |
| Amy L. Rudolph | Administrative Assistant | $ 175.00 |
| Diane M. Wacha | Administrative Assistant | $ 190.00 |
| Clarke Reed Widdoes | Administrative Assistant | $ 160.00 |
| Jennifer S. Zumbro | Administrative Assistant | $ 150.00 |
| | | |
| Farangiz F. Bayonova | Law Clerk | $ 200.00 |
| Molly K. Bleech | Law Clerk | $ 150.00 |
| Margaret A. Ellis | Law Clerk | $ 170.00 |
| Patrick J. Fuscaldo | Law Clerk | $ 150.00 |
| Maria P. Garcia | Law Clerk | $ 160.00 |
| Ross T. Herman | Law Clerk | $ 160.00 |
| Margaret F. McIlroy | Law Clerk | $ 160.00 |
| Elissa M. Steiner | Law Clerk | $ 150.00 |
| Anna Vnukova | Law Clerk | $ 150.00 |
| Madison M. Williams | Law Clerk | $ 160.00 |

Exhibit 3



March 11, 2024

Sandford L. Frey
sfrey@leechtishman.com

By Email: albertaltro@traversellc.com

Albert Altro
Independent Manager for Tree Lane, LLC
Traverse LLC
300 Spectrum Center Dr
Irvine, CA 92618
albertaltro@traversellc.com

*Re:    Engagement Agreement Representation of Tree Lane, LLC*

Dear Mr. Altro:

On behalf of Leech Tishman Fuscaldo & Lampl, Inc. ("**Leech Tishman**") allow me to express my appreciation for the confidence that you have in selecting us to have legal services performed for Tree Lane, LLC, a California Limited Liability, ("**Client**," "**You**," or "**Your**") in your Chapter 11 Bankruptcy Case ("**Chapter 11 Case**" or "**Case**"), soon-to-be filed in the United States Bankruptcy Court for the Central District of California ("**Bankruptcy Court**" or "**Court**"). This legal services letter of engagement ("**Agreement**") follows our discussion with respect to the desire to have legal services performed for Client. We look forward to working with you in representing Client's interests.

The purpose of this letter is to outline the terms under which Leech Tishman will represent Client. This Agreement is entered into by and between Leech Tishman and Client to comply with California Business & Professions Code § 6148(a), as well as other applicable laws, which require agreements between counsel and their clients for matters in which the billings are estimated to exceed $1,000 to be in writing and to specify: (1) the rates and other standard rates, fees and charges applicable to the representation; (2) the general nature of the legal services to be provided; and (3) the respective responsibilities of the client and counsel.

A.    **CONDITIONS**

This Agreement will not take effect, and Leech Tishman will have no obligation to provide legal services, until all of the following occur (i) Client returns a signed copy of this Agreement and (ii) the Bankruptcy Court enters a final and non-appealable order of the Bankruptcy Court approving Leech Tishman's employment on terms and conditions set forth in this Agreement, including approval of the Retainer and Guaranty; and (iii) Leech Tishman receives payment of the Retainer (as defined below).

/ / /

LEECH TISHMAN FUSCALDO & LAMPL, INC.
200 South Los Robles Avenue, Suite 300 | Pasadena, CA 91101 | T: 626.796.4000 | F: 626.795.6321

PITTSBURGH | CHICAGO | LOS ANGELES | NEW YORK | PHILADELPHIA | SARASOTA | WILMINGTON, DE
LEECHTISHMAN.COM

Exhibit 3, Page 23

Mr. Altro
March 11, 2024
Page 2

**B.**      **SCOPE OF SERVICES**

    Leech Tishman is being retained to represent Client in the Chapter 11 Case in its capacity as Debtor and Debtor in Possession on the terms and conditions set forth in Paragraph D below.  In connection therewith, prior to filing the petition, Leech Tishman has, and will continue to, advise Client, perform legal services and prepare necessary documentation, including the following service: (1) advise Client with regard to the requirements of Bankruptcy Court, Bankruptcy Code, Bankruptcy Rules and the rules promulgated by the Office of the United States Trustee as they pertain to its case; (2) advise Client with regard to certain rights and remedies of its bankruptcy estate and the rights, claims and interests of creditors; (3) advise and represent Client with regard to administration of the Chapter 11 bankruptcy estate, duties of a Debtor in Possession; (4) file motions and other contested matters and assist in the formulation and confirmation of a plan of reorganization/liquidation; (5) assist Client with the negotiation, documentation and any necessary Court approval of transactions disposing of property of the estate; (6) represent Client in any proceeding or hearing in the Bankruptcy Court involving the estate, unless Client is represented in such proceeding or hearing by other special counsel; (7) conduct examinations of witnesses, claimants or adverse parties; (8) prepare and assist Client in the preparation of reports, applications, pleadings and orders including, but not limited to, applications to employ professionals, interim statements and operating reports, initial filing requirements, amendments to schedules and statement of financial affairs, financing pleadings and pleadings with respect to its use, sale or lease of property outside the ordinary course of business; (9) assist Client in the negotiation, formulation, preparation and confirmation of a plan of reorganization/liquidation and the preparation and approval of a disclosure statement in respect of the plan; (10) advise Client with respect to the assumption of any unexpired leases or executory contracts; (11) perform any other services which may be appropriate in Leech Tishman's representation of Client during its Chapter 11 bankruptcy case; (12) adversary proceedings; and (13) represent Client in such other matters as agreed by Client and Leech Tishman in connection with the Chapter 11 bankruptcy (collectively the "**Chapter 11 Services**" or "**Services**").

    This Agreement does not cover representation in any (a) appeal, any post-plan confirmation proceedings, (b) any subsequently converted chapter 7 case, or (c) with respect to any litigation pending outside the Bankruptcy Court.  Separate arrangements must be agreed to for those services.  Services in any matter not described above will require a separate Agreement.

    Leech Tishman will not be required to represent or advise Client in matters which Leech Tishman believes are beyond its practice experience such as the areas of law just described.  In addition, Leech Tishman will not be required to represent Client in matters where Leech Tishman determines that it lacks the experience or the ability to staff the matter adequately.

**C.**      **RESPONSIBILITIES OF THE PARTIES**

    Leech Tishman will provide those legal services reasonably required to represent Client in connection with the Services described in Paragraph B and will take reasonable steps to keep Client informed of progress and developments, and to respond promptly to inquiries and communications.  Client agrees to cooperate, keep Leech Tishman informed of any information and developments which may come to Client's attention, abide by this Agreement, timely pay Leech Tishman's bills for fees and costs, and keep Leech Tishman advised of Client's address and contact information.

Mr. Altro
March 11, 2024
Page 3

## D.    RETAINER/LEGAL FEES AND BILLING PRACTICES

Retainer/Hourly Charges.  Upon the execution of this Agreement, in connection with the Services, Client agrees to pay Leech Tishman based upon its hourly rates for the attorneys and legal personnel working on Client's matter.  Except as otherwise agreed, services will be billed based upon Leech Tishman's prevailing hourly rates for the attorneys and legal personnel working on Client's matter (as set forth below).  In addition, Client agrees to immediately pay Leech Tishman a post-petition retainer of $50,000 ("**Retainer**").  The Retainer and all other retainers, deposits or advances will be kept in our home-office trust account in Pennsylvania, and Client hereby consents to our maintaining its trust funds outside the State of California.

When Leech Tishman renders monthly services to Client or incurs expenses on Client's behalf, Leech Tishman will use the Retainer to pay for such services and expenses.  Client hereby authorizes Leech Tishman to transfer such funds to its regular account to the extent of fees earned or costs incurred by it on Client's behalf.  Client will promptly pay any amounts in excess of the Retainer.  Upon completion of the work, any unused portion of the Retainer will be applied to the final bill and any excess refunded to Client.  Leech Tishman has informed Client that, by law, all interest earned on the Retainer will be paid automatically to IOLTA program.

Client has been advised, understands and acknowledges that the Retainer is only a deposit toward Leech Tishman's fees and expenses in connection with the Services; that the Retainer is not the entire cost for the Services; that the Retainer bears absolutely no relationship to the total cost of the Services; and that the Retainer does not cover services in connection with the filing or representation in any bankruptcy case and that Client will be required to pay an additional retainer in connection with such filing.  The Retainer amount should not be viewed as a quote or a limitation on fees as the amount of legal work is subject to many factors outside of our control.  Client will be obligated and will promptly pay any amounts in excess of the Retainer.

Hourly Charges.  In addition to the Retainer, Client agrees to pay Leech Tishman's hourly rates for the attorneys and legal personnel working on Client's matter as set forth below.  Hourly rates for legal personnel reflect the reasonable value of the services rendered, taking into consideration the complexity and urgency of the matter, the expertise required, and the time involved.  Sandford L. Frey's hourly rate is $750 for his services, except for his services in bankruptcy cases filed in New York, Texas and Delaware where his hourly rate is $800.  Leech Tishman's prevailing hourly rates will apply for all other attorneys and legal personnel working on Client's matters, including other partners.  The current hourly rates for attorneys and paralegals at Leech Tishman are attached hereto as **Exhibit 1**.  Fees are calculated door to door, including travel time to and from meetings and court.  Rates may be increased from time to time upon reasonable notice to Client.  During the course of the Chapter 11 Case, Client and Leech Tishman agree that Client will pay a monthly draw of 80% of the outstanding monthly invoices, with the balance due upon Court approval of interim fees.

## E.    COSTS

Leech Tishman will incur various costs and expenses in performing legal services under this Agreement.  Client agrees to pay Leech Tishman for such costs and expenses.  The costs and expenses commonly include service of process charges, filing fees, court and deposition reporters' fees, jury fees, notary fees, deposition costs, messenger and other delivery fees, postage, photocopying and other reproduction costs, computer research, PACER charges, teleconference

Mr. Altro
March 11, 2024
Page 4

charges, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, expert witness fees, professional, mediator, arbitrator and/or special master fees and other similar items.  Except to the extent expressly provided otherwise in this Agreement, all costs and expenses will be charged at Leech Tishman's cost.

**F.**     **APPROVAL NECESSARY FOR SETTLEMENT**

Leech Tishman will not make any settlement or compromise of any nature of any of Client's claims without its prior approval.  Client retains the absolute right to accept or reject any settlement.  Client agrees to seriously consider any settlement offer Leech Tishman recommends before deciding to accept or reject such offer.  Client agrees not to make any settlement or compromise of any nature of any of its claims without prior notice to Leech Tishman.

**G.**     **LIMITATION OF REPRESENTATION**

Leech Tishman is representing Client only on the matters described in Paragraph B.  Leech Tishman's representation does not include independent or related matters that may arise, including, among other things, claims for property damage, workers' compensation, disputes with a health care provider about the amount owed for their services, or claims for reimbursement (subrogation) by any insurance company for benefits paid under an insurance policy.

Client designates Albert Altro as Client's authorized representative to direct the Leech Tishman and to be the primary person to communicate with the Leech Tishman regarding the subject matter of Leech Tishman's representation of the Client under this Agreement.  This designation is intended to establish a clear line of authority and to minimize potential uncertainty, but not to preclude communication between the Leech Tishman and other Client officials.

**H.**     **RIGHT TO WITHDRAWAL**

Client may discharge Leech Tishman at any time.  Leech Tishman may withdraw with Client's consent or for good cause.  Good cause includes, but is not limited to, Client's (i) breach of this agreement, including, without limitation, failure to timely pay any invoice when presented, (ii) refusal to cooperate or follow Leech Tishman's advice on a material matter or (iii) any fact or circumstance that would render Leech Tishman's continuing representation unlawful, unethical or impractical.  When Leech Tishman's services conclude, all unpaid charges will immediately become due and payable.  After services conclude, Leech Tishman will, upon Client's request, deliver its files and property in Leech Tishman's possession, whether or not Client has paid for all services.  Notwithstanding Leech Tishman's withdrawal or Client's notice of discharge, and without regard to the reasons for the withdrawal or discharge, Client will remain obligated to pay Leech Tishman for all costs incurred prior to the termination and, in the event that there is any net recovery obtained by Client after conclusion of Leech Tishman's services, Client remains obligated to pay Leech Tishman for the reasonable value of all services rendered from the effective date of this Agreement to the date of discharge.

**I.**     **DISCLAIMER OF GUARANTEE AND ESTIMATES**

Nothing in this Agreement and nothing in Leech Tishman's statements to Client will be construed as a promise or guarantee about the outcome of this matter.  Leech Tishman makes no such promises or guarantees.  Leech Tishman assumes no responsibility for the results or

Mr. Altro
March 11, 2024
Page 5

consequences stemming from any actions or inactions prior to its involvement, such as terminating sanctions or other sanctions for failure to respond to discovery requests or appear at hearings. There can be no assurance that Client will prevail or recover any sum or sums in this matter. Leech Tishman's comments about the outcome of this matter are expressions of opinion only. Client acknowledges that Leech Tishman has made no promise or guarantees about the outcome.

**J.**     **CONFLICTS**

As of the date of this Agreement, neither Leech Tishman nor Client are aware of any conflict.

**K.**     **SELF-REPRESENTATION**

Leech Tishman has designated one of its partners to act as its General Counsel ("**General Counsel**"). The General Counsel acts as a lawyer to Leech Tishman, representing Leech Tishman in a variety of professional and legal matters and helping attorneys at Leech Tishman to comply with their professional and ethical responsibilities to clients. Among other things, the General Counsel provides Leech Tishman and its attorneys with legal advice concerning professional responsibilities, potential or actual professional liabilities, and other matters. Leech Tishman also retains outside counsel from time to time to provide similar legal advice to it. It is possible that attorneys or staff working on matters for Client may, from time to time, consult with the General Counsel, Leech Tishman's outside counsel on matters related to our representation of Client. In the course of such consultation, Leech Tishman attorneys and/or staff may disclose to the General Counsel or Leech Tishman's outside counsel privileged information concerning Client's representation, and may receive legal advice related to Leech Tishman's work on Client's matter, which legal advice Leech Tishman may or may not disclose to Client. Leech Tishman views such consultations as privileged and not discoverable by anyone, not even the clients about whom such a consultation may take place. By retaining Leech Tishman, Client acknowledges and consents to Leech Tishman's attorneys and staff consulting with the General Counsel or Leech Tishman's outside counsel as they deem necessary, both during Leech Tishman's representation of Client and after such representation ends, and Client confirms that such communications are privileged and protected against disclosure to Client.

**L.**     **CELL PHONE AND EMAIL COMMUNICATION**

Leech Tishman hereby informs Client and Client hereby acknowledges that its attorneys sometimes communicate with their clients and their clients' professionals and agents by cell/mobile telephone, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that Client *must* inform Leech Tishman if Client does not wish Leech Tishman to discuss privileged matters on cell telephones with Client or Client's professionals or agents.

Leech Tishman hereby informs Client and Client hereby acknowledges that Leech Tishman's attorneys sometimes communicate with their clients and their clients' professionals and agents by unencrypted email, that such communications are capable of being intercepted by others and therefore may be deemed no longer protected by the attorney-client privilege, and that Client *must* inform Leech Tishman if Client wishes to institute a system to encode all emails between Leech Tishman and Client or Client's professionals or agents.

Mr. Altro
March 11, 2024
Page 6

     Leech Tishman hereby advises Client to refrain from communicating with it on any device shared with someone else to avoid waiving the attorney-client privilege. In addition, when communicating with Leech Tishman, Client should utilize only a private email account which is password protected and accessed solely by Client.

/ / /

## M.  ENTIRE AGREEMENT/HEADINGS/COUNTERPART/RULES OF CONSTRUCTION

     This Agreement contains the entire agreement of the parties.  No other agreement, statement or promise made on or before the effective date of this Agreement will be binding on the parties. This Agreement may be modified by subsequent Agreement of the parties only by an instrument in writing signed by both of them or an oral agreement only to the extent that the parties carry it out.

     Headings contained in this Agreement are for reference purposes only and shall be given no weight in the construction of this Agreement.

     This Agreement may be executed in counterparts.  The Parties further agree that this Agreement may be executed by facsimile or electronic signature, with such facsimile or electronic signature having the same force, validity and effect as an original signature.

     The parties have participated in the preparation of this Agreement and this Agreement is the result of the joint efforts of the parties.  This Agreement has been accepted and approved as to its final form by Client and upon the advice of separate counsel, or Client has knowingly and voluntarily waived the right to have it reviewed by separate counsel despite having the opportunity to do so.  Accordingly, any uncertainty or ambiguity existing in this Agreement shall not be interpreted against any of the Parties as a result of the manner of the preparation of this Agreement. Each of the Parties to this Agreement agrees that any statute or rule of construction providing that ambiguities are to be resolved against the drafting party shall <u>not</u> be employed in the interpretation of this Agreement and are hereby waived.

## N.  SEVERABILITY IN EVENT OF PARTIAL INVALIDITY

     If any provision of this Agreement is held in whole or in part be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

## O.  EFFECTIVE DATE

     This Agreement will govern all legal services performed by Leech Tishman on Client's behalf, commencing with the date Leech Tishman first performed the services.  The date at the beginning of this Agreement is for reference only.  Even if this Agreement does not take effect, Client will be obligated to pay Leech Tishman the reasonable value of any services Leech Tishman may have performed for it.

## P.  CHOICE OF LAW

Exhibit 3, Page 28

Mr. Altro
March 11, 2024
Page 7

This Agreement shall be governed in all respects, including validity, interpretation and effect, by the laws of the State of California, without giving effect to the principles of choice of law or conflicts of law thereof.

**Q.    JURISDICTION AND CONSENT/ARBITRATION CLAUSE**

By executing this Agreement, Client agrees to have any and all disputes (except where Client may request arbitration of a fee dispute by the State Bar or local bar association as provided by Business and Professions Code Sections 6200, et seq.), that arise under or out of, or relate to this Agreement, including, but not limited to, claims of negligence or malpractice arising out of or relating to the legal services provided by Leech Tishman to Client, decided only by binding arbitration in accordance with the rules of the State Bar of California or the American Arbitration Association and not by court action, except as provided by California law for judicial review of arbitration proceedings. Judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof. Leech Tishman and Client shall each have the right of discovery in connection with any arbitration proceeding in accordance with Code of Civil Procedure Section 1283.05.

In agreeing to this arbitration provision, LEECH TISHMAN AND CLIENT ARE SPECIFICALLY GIVING UP:

(1)    ALL RIGHTS LEECH TISHMAN AND CLIENT MAY POSSESS TO HAVE SUCH DISPUTES DECIDED IN A COURT OR JURY TRIAL; AND,

(2)    ALL JUDICIAL RIGHTS, INCLUDING THE RIGHT TO APPEAL FROM THE DECISION OF THE ARBITRATOR(S). IF EITHER LEECH TISHMAN OR CLIENT SHOULD REFUSE TO SUBMIT TO ARBITRATION, EITHER LEECH TISHMAN OR CLIENT MAY BE COMPELLED TO ARBITRATE UNDER CALIFORNIA LAW. LEECH TISHMAN AND CLIENT ACKNOWLEDGE THE ABOVE, AND THAT THIS MUTUAL AGREEMENT FOR BINDING ARBITRATION IS VOLUNTARY.

By executing this Agreement, Client confirms that it has read and understand these provisions, and voluntarily agree to binding arbitration. In doing so, Client voluntarily gives up important constitutional rights to trial by judge or jury, as well as rights to appeal. Client is advised that it has the right to have independent counsel review this arbitration provision, and this entire agreement, prior to signing this Agreement.

**R.    ATTORNEYS' FEES**

In the event that a dispute of any nature whatsoever arises between us, the prevailing party in any resulting litigation, arbitration or other legal action (including, without limitation, any action or proceeding of any kind to enforce the terms of this Agreement or to obtain damages for breach thereof), shall be entitled to all reasonable attorneys' fees and all costs and expenses of any sort, including, without limitation, all expert fees and costs. The prevailing party shall be determined based upon an assessment of which party's major arguments made or positions taken in the proceedings could fairly be said to have prevailed on major disputed issues in the decision. If the party which shall have commenced or instituted the action, suit or proceeding shall dismiss or discontinue it without the concurrence of such other party, then such other party shall be deemed the prevailing party.

Mr. Altro
March 11, 2024
Page 8

**S.    CLOSING**

We appreciate your confidence in our office and are looking forward to working with you. Please execute and forward to us the enclosed copy of this letter. If you have any questions at any time regarding the scope of our employment or the manner in which Client is being billed, please let us know.

Very truly yours,

**LEECH TISHMAN FUSCALDO & LAMPL, INC.**

By: _____
Sandford L. Frey,
Its Partner

**AGREED TO AND ACCEPTED**:

**Tree Lane, LLC**,
a California Limited Liability Company
By: _____
Mohamed Hadid
its: Manager
By: _____
Alberto Altro
its: Chief Restructuring Officer

WWW.LEECHTISHMAN.COM