Sandford L. Frey (State Bar No. 117058)
Robyn B. Sokol (State Bar No. 159506)
**LEECH TISHMAN NELSON HARDIMAN, INC.**
1100 Glendon Avenue, 14th Floor
Los Angeles, California 90024
Telephone: (424) 738-4400; Facsimile: (424) 738-5080
E-mail: *sfrey@leechtishman.com*
         *rsokol@leechtishman.com*

Attorneys for Tree Lane LLC
Debtor and Debtor-in-Possession

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>TREE LANE LLC,<br><br>Debtor and Debtor-in-Possession. | Case No.: 2:24-bk-13201-BB<br><br>Chapter 11<br><br><br><br>**BID PROCEDURES** |

These Bid Procedures set forth the process by which Tree Lane LLC, Debtor and Debtor in Possession ("**Debtor**") is authorized to conduct the marketing and auction process for the sale of parcels of real property with the address of 2451 Summitridge Drive, Beverly Hills, California, identified as APN 4384-023-23 ("**APN 23**") and APN 4384-023-020 ("**APN 20**") and permits, plans, specifications, architectural and construction drawings, surveys, appraisals, reports, and studies related thereto and all construction, equipment, and purchase, service and maintenance contracts and proposals related thereto ("**Property**").

The sale of the Property will be subject to approval by the United States Bankruptcy Court for the Central District of California (the "**Court**") after notice and a hearing.

1

## 1. KEY DATES AND DEADLINES

| Event or Deadline | Date |
|---|---|
| *Deadline to Submit Bids* (**"Bid Deadline"**) | September 16, 2025[1] |
| *Auction* | September 25, 2025 |
| *Supplemental information and documents regarding the Sale of the Property including identity of Winning Bidder and Back-up Bidder* | September 29, 2025 by 12:00 p.m. Pacific Time |
| *Hearing To Approve Sale of Property Free and Clear of all Liens, Claims and Encumbrances to the Winning Bidder* | September 30, 2025 at 10:00 a.m.[2] |

## 2. SUBMISSIONS TO DEBTOR

All submissions to Debtor required or permitted to be made under these Bid Procedures must be directed to each of the following persons or entities unless otherwise provided:

2.1  <u>Debtor</u>: Tree Lane LLC, c/o Albert Altro, Traverse LLC, 300 Spectrum Center Drive, 400, Irvine, California, 92618 (albertaltro@traversellc.com).

2.2  <u>Debtor's Counsel</u>: Leech Tishman Nelson Hardiman, Inc., 1100 Glendon Avenue, 14th Floor, Los Angeles, California, Robyn B. Sokol (rsokol@leechtishman.com).

2.3  <u>Debtor's Real Estate Broker</u>:  Keen-Summit Capital Partners LLC ("**Advisor**"):  Keen-Summit Capital Partners LLC, 15th Floor, 3 Columbus Circle, New York, NY 10019, ATTN: Harold Bordwin (hbordwin@Keen-Summit.com).

## 3. POTENTIAL BIDDERS

A party interested in qualifying to participate in the bidding process or otherwise be considered for any purpose under these Bid Procedures ("**Potential Bidder**") must execute a confidentiality agreement on terms acceptable to Debtor ("**Confidentiality Agreement**") and are encouraged to

---

[1] Debtor reserves the right to continue the Bid Deadline and all subsequent dates.

[2] The motion for approval of the sale of the Property shall be filed and served by September 9, 2025 and shall seek Court approval to sell the Property free and clear of all claims, liens and encumbrances to the Winning Bidder and Back-Up Bidder.

2

4924-1161-5296, v. 3

deliver the following information to the Advisor, Debtor and Debtor's counsel:

3.1. A statement and other factual support demonstrating that the Potential Bidder has a bona fide interest in purchasing the Property and is likely to qualify as a Bidder (as defined below) by the Bid Deadline and such information that Debtor may request, in its sole discretion, including: (i) information demonstrating (in Debtor's reasonable business judgment) that the Bidder has the financial capacity to consummate the purchase of the Property, (ii) evidence that the Bidder has obtained authorization or approval from its board of directors (or comparable governing body) with respect to the submission of its Bid, (iii) the identity and exact name of the Bidder (including any equity holder or other financial backer if the Bidder is an entity formed for the purpose of consummating the purchase of the Property), and (v) such additional information regarding the Bidder as the Bidder may elect to include;

3.2 A description of any connections the Potential Bidder, its insiders and other affiliates have to Debtor, any current or former directors and officers of Debtor, insiders of Debtor and its non-debtor affiliates, as identified by Debtor; and

3.3 The identification of the Potential Bidder, including its members, parents and/or subsidiaries, or affiliates, and any principals and representatives thereof who are authorized to appear and act on such Potential Bidder's behalf for all purposes regarding the contemplated sale of the Property.

**4. DUE DILIGENCE**

Debtor will establish an electronic data room (the "**Data Room**") that provides standard and customary diligence materials, including information to allow Potential Bidders to become Bidders and to seek and obtain financing commitments.

Debtor provides the information contained in the Data Room "as-is, where is, with all faults" and with no representations or warranties. Bidders shall rely upon themselves and their own professionals for all diligence including without limitation any legal, regulatory, engineering, environmental, structural or valuation issues.

Only Potential Bidders that have executed the Confidentiality Agreement and provided the necessary information set forth in Section 3 shall be eligible to receive due diligence information and

access to the Data Room and to any additional non-public information regarding Debtor that Debtor may decide to provide in its discretion. Subject to other terms herein, the Debtor may provide to each Bidder reasonable due diligence information as requested by such Bidder in writing.

Debtor shall not furnish any confidential information relating to the Property, or any potential sale to any person except to a Potential Bidder and to such Potential Bidder's duly authorized representatives subject to the applicable Confidentiality Agreement. **Debtor, Advisor and Debtor's counsel shall coordinate all reasonable requests from Potential Bidders for additional information and due diligence access; but the Debtor may decline to provide such information to a Potential Bidder in Debtor's reasonable business judgment.**

**5.    BID REQUIREMENTS**

Any proposal, solicitation, or offer to consummate a sale transaction (each, a "**Bid**") must be submitted in writing and must satisfy the following requirements (the "**Bid Requirements**"):

5.1    Execution of Bidder APA. To make a Qualified Bid, each prospective bidder must execute and return, such that it is actually received by the Bid Deadline a signed *Asset Purchase Agreement* ("**Bidder APA**")[3] that satisfies certain requirements such as that the sale is "as is where is," "with all faults," and "no warranty or recourse whatsoever" basis, and a minimum price (set forth below), contain no contingencies including but not limited to, due diligence and financing contingencies. The terms of the Bidder APA are not negotiable. The only term that may be added by the Potential Bidder is the cash purchase price. The form Bidder APA will be in the Data Room.

5.2    Purchase Price. Each Bid must clearly specify a cash purchase price that is the equivalent or greater than $20,000,000.

5.3    Deposit. Each Bid must be accompanied by a Cash deposit equal to 10% of the applicable Purchase Price ("**Deposit**"), to be held in one or more escrow accounts on terms acceptable to Debtor. To the extent the Purchase Price of a Bid is increased prior to commencement of the Auction, the amount of the Deposit shall automatically increase (to be equal to 10% of any increased Purchase Price) and the corresponding Bidder will pay into escrow the amount of such increase, as

---

[3] A form of the Bidder APA will be provided to a Potential Bidder upon request.

4

4924-1161-5296, v. 3

promptly as practicable, and in any event within one business day following such increase; provided, further, that if the Purchase Price is increased to make a Bid, Debtor may condition participation of the applicable Bidder at the Auction on such Bidder paying the then full amount of the Deposit into escrow prior to the commencement of the Auction.

    5.4    <u>Proof of Financial Ability to Perform.</u> Each Bid must include written evidence that Debtor concludes in its reasonable business judgment, that such Bidder has the necessary financial ability to close the purchase of the Property on the terms offered by the Bid, which information is to be used by Debtor on a confidential basis, solely for the purposes of evaluating whether the Bidder is a Qualified Bidder and whether Bids are the highest and best Bid and shall be held confidentially by Debtor. Such information must include the following:

    5.4.1    Contact names and telephone numbers for verification of financing sources;

    5.4.2    Evidence of the Bidder's internal resources and, if applicable, proof of fully executed and effective financing commitments with limited conditionality customary for transactions of this type from one or more reputable sources in an aggregate amount equal to the cash portion of such Bid in each case as needed to close on the Bid;

    5.4.3    A description of the Bidder's pro forma capital structure;

    5.4.4    Any other financial disclosure or credit-quality support information or enhancement reasonably submitted by the Bidder or requested by Debtor demonstrating that such Bidder has the ability to close the proposed sale;

    5.4.5    Information about the Bidder's financial condition, such as federal tax returns for two years, a current financial statement, or bank account statements or any other financial information which Debtor may request;

    5.4.6    Information demonstrating (in Debtor's reasonable business judgment) that the Bidder has the financial capacity to consummate the Bidder APA;

    5.4.7    Evidence that the Bidder has obtained authorization or approval from its board of directors (or comparable governing body) with respect to the submission of its Bid;

4924-1161-5296, v. 3

   5.4.8 The identity and exact name of the Bidder (including any equity holder or other financial backer if the Bidder is an entity formed for the purpose of consummating the Bidder APA); and

   5.4.9 such additional information regarding the Bidder as the Bidder may elect to include.

  5.5 <u>Contingencies.</u> Each Bid shall not be conditioned on the obtaining or the sufficiency of financing or any internal approval, or on the outcome or review of due diligence.

  5.6 <u>Identity.</u> Each Bid must fully disclose the identity of each entity that will be bidding or otherwise participating in connection with such Bid, including each equity holder or other financing backer of the Bidder, if such Bidder is an entity formed for the purpose of consummating the proposed sale contemplated by the Bid, and the complete terms of any such participation. Each Bid should also include contact information for the specific person(s) and counsel whom Debtor (and its advisors) should contact regarding such Bid.

  5.7 <u>Authorization.</u> Each Bid must contain evidence acceptable to Debtor that the Bidder has obtained authorization or approval from its board of directors (or comparable governing body) with respect to the submission of its Bid and the consummation of the sale contemplated by such Bid.

  5.8 <u>As-Is, Where-Is, With All Faults.</u> Each Bid must include a written acknowledgment and representation that: (1) the Bidder has had an opportunity to conduct any and all due diligence it desires regarding the Property prior to making its Bid; (2) the Bidder has relied solely upon its own independent review, investigation, or inspection of any documents in making its Bid; (3) except as may be otherwise set forth in the Bidder APA, the Bidder did not rely, and is not relying upon, any written or oral statements, representations, promises, warranties, or guarantees whatsoever, whether express, implied by operation of law, or otherwise, by Debtor or its advisors or other representatives regarding the Property, the completeness of any information provided in connection therewith or the Auction, if any, or otherwise; (4) the Bidder did not engage in any collusive conduct and acted in good faith in submitting its Bid; and, (5) the Bidder releases the Debtor and each of its constituent partners, members, managers, officers, directors, attorneys, lenders, agents, successors and assigns from any liability of any kind or nature arising with respect to any physical condition of the Property.

4924-1161-5296, v. 3

5.9 <u>Commitment to Close.</u> Each Bid must contain a commitment to close as soon as practicable following the entry of any order from the Court confirming the Debtor's to be filed Liquidating Plan and approval of the sale of the Property.

5.10 <u>Irrevocable Bid.</u> Each Bid must contain a statement by the applicable Bidder acknowledging and agreeing that such Bid and each of its provisions is binding upon the Bidder and irrevocable in all respects.

5.11 <u>Compliance with Bid Procedures.</u> Each Bid must contain a covenant that the applicable Bidder will comply with the terms of these Bid Procedures.

**6.    BID DEADLINES**

Any Bid must be transmitted by email (in .pdf or similar format) to each of the parties specified in Section 2 hereof to be received by such parties on or before September 16, 2025 at 5:00 p.m. (prevailing Pacific Time) (the "**Bid Deadline**").

**7.    QUALIFIED BIDS & QUALIFIED BIDDERS**

A Bid is a "Qualified Bid" if Debtor, in Debtor's reasonable business judgment, determines that such Bid (A) satisfies the Bid Requirements set forth above; and, (B) is reasonably likely to be consummated if selected as the Winning Bid (as defined below).

A Bidder that submits a Qualified Bid is a "Qualified Bidder" with respect to the Property. As soon as reasonably practicable after receipt of a Bid, Debtor will notify each Bidder whether they are a Qualified Bidder. If a Bidder's Bid is determined not to be a Qualified Bid, Debtor will refund such Bidder's Deposit (if any) within three (3) business days following the Bid Deadline.

Between the date that Debtor notices a Bidder that it is a Qualified Bidder and the date of the Auction, Debtor may discuss, negotiate, or seek clarification of any Qualified Bid from a Qualified Bidder. Absent prior written consent of Debtor, a Qualified Bidder may not modify, amend, or withdraw its Qualified Bid, except for proposed amendments to increase the Purchase Price or otherwise improve the terms of, the Qualified Bid, during the period that such Qualified Bid remains binding as specified in the Bid Procedures; provided that any Qualified Bid may be improved at the Auction as set forth herein. Any improved Qualified Bid must continue to comply with the requirements for Qualified Bids set forth in these Bid Procedures.

4924-1161-5296, v. 3

Notwithstanding anything herein to the contrary, Debtor reserves the right to work with a Bidder to cure any deficiencies in a Bid that is not initially deemed to be a Qualified Bid.

**8.     RIGHT TO CREDIT BID.**

1.     Nothing herein impacts any right of any secured creditor to credit bid in accordance with the Bankruptcy Code and nothing impacts the right of any party in interest to oppose any credit bid ("**Credit Bid**").

2.     A Credit Bid must also include payment in cash of (1) all closing costs; (2) the obligations owed to Skylark Servicer with respect to its first priority lien arising from debtor in possession financing (unless such purchaser is Skylark Servicer), (3) closing costs, and, (3) all senior liens.

**9.     AUCTION**

If Debtor receives two or more Qualified Bids (including a credit bid) on or before the Bid Deadline, Debtor will conduct an auction (the "**Auction**") to determine the Winning Bidder. In such event, Debtor will notify all Qualified Bidders of the highest or otherwise best Qualified Bid with respect to the Property; as determined by Debtor in its reasonable business judgment ("Baseline Bid"). Debtor's determination of which Qualified Bid constitutes the Baseline Bid shall consider any factors Debtor, in its reasonable business judgment deemed relevant to the value of the Qualified Bid to Debtor's estate.

If the Debtor determines that it has received no Qualified Bid or received only a single Qualified Bid, then the Auction will not occur. If Debtor makes such a determination, Debtor will file a notice with the Court within two (2) business days that such determination is made.

The Auction, if one is conducted, shall take place on September 25, 2025 at 10:00 a.m. (prevailing Pacific Time), by remote video and/or in person at a place to be designated by Debtor and shall be conducted according to the procedures set forth in Section 10(i)-(vii) of these Bid Procedures (the "**Auction Procedures**").

**10.     AUCTION PROCEDURES**

**(i)     General Provisions of the Auction.** Debtor, with the assistance of its professionals and the Advisor, shall direct and preside over any Auction throughout the Auction process. Only

8

4924-1161-5296, v. 3

incremental Bids that comply with the terms set forth in Section 11(ii) below shall be considered "Overbids." Each Overbid shall be made and received on an open basis, and all material terms of each Overbid shall be fully disclosed to all other Qualified Bidders. Debtor shall determine in its reasonable business judgment whether an incremental Bid is an Overbid.

Debtor shall maintain a written transcript of all Bids made and announced at the Auction including the Baseline Bid, all Overbids, and the Winning Bid (as defined below).

Only Qualified Bidders, Skylark Servicer, Debtor, and each of their respective legal and financial advisors, and any other parties specifically invited or permitted to attend by Debtor shall be entitled to attend and participate at the Auction and the Qualified Bidders shall appear at the Auction and may speak or bid themselves or through duly authorized representatives. Except as otherwise permitted by Debtor, only Qualified Bidders shall be entitled to bid at the Auction.

Debtor shall have the right to request any additional information that will allow Debtor to make a reasonable determination as to a Qualified Bidder's financial and other capabilities to consummate the transaction contemplated by the Qualified Bidder's proposal and any further information that Debtor believes is reasonably necessary to clarify and evaluate a Bid made by a Qualified Bidder during the Auction.

Debtor may, subject to Section 15 of these Bid Procedures, announce at the Auction modified or additional procedures for conducting the Auction or otherwise modifying these Bid Procedures.

**(ii)** <u>**Terms of Overbids.**</u> Each Overbid must comply with the following terms:

a.  <u>Minimum Overbid Increment.</u> The minimum increment by which any Overbid must exceed the applicable Baseline Bid is $100,000. At the commencement of each subsequent round of solicitation of Overbids, Debtor shall announce the minimum increment by which any Overbid must exceed the Prevailing Highest Bid (as defined below) at such time. Debtor may, in its reasonable business judgment, announce increases or reductions to the applicable minimum Overbid increment at any time during the Auction.

b.  <u>Conclusion of Each Overbid Round.</u> Upon the solicitation of each round of Overbids Debtor may announce a deadline by which time any Overbids must be submitted to Debtor (an

4924-1161-5296, v. 3

"**Overbid Round Deadline**"); provided that Debtor, in its reasonable business judgment, may extend any Overbid Round Deadline.

c. <u>Overbid Alterations.</u> An Overbid may contain alterations, modifications, additions, or deletions of any terms of the Bid no less favorable in the aggregate to Debtor's estate than any prior Qualified Bid or Overbid, as determined in Debtor's reasonable business judgment but shall otherwise comply with the terms of these Bid Procedures; provided, that all Qualified Bids and Overbids must be all cash bids.

d. <u>Announcing Highest Bid.</u> Subsequent to each Overbid Round Deadline, Debtor shall announce whether Debtor has identified an Overbid as being higher or otherwise better than, the initial Overbid round, the Baseline Bid, or in subsequent rounds, the Overbid previously designated by Debtor as the prevailing highest or otherwise best Bid ("**Prevailing Highest Bid**"). Debtor shall describe to all applicable Qualified Bidders the material terms of any new Overbid designated by Debtor as the Prevailing Highest Bid, as well as the value attributable by Debtor to such Prevailing Highest Bid.

**(iii)** **<u>Consideration of Overbids.</u>** Debtor reserves the right, in its reasonable business judgment, to adjourn the Auction one or more times to, among other things (1) facilitate discussions between Debtor and Qualified Bidders; (2) allow Qualified Bidders the opportunity to consider how they wish to proceed, and (3) provide Qualified Bidders the opportunity to provide Debtor with such additional evidence as Debtor, in its reasonable business judgment, may require, that the Qualified Bidder has sufficient internal resources or has sufficient and sufficiently unconditional financing commitments to consummate the proposed sale at the prevailing Overbid amount; provided that the Debtor may not extend the Auction past September 30, 2025, without the consent of Skylark Servicer.

**(iv)** **<u>No Round-Skipping</u>**. To remain eligible to participate in the Auction, in each round of bidding, each Qualified Bidder, except the Qualified Bidder that submitted the Prevailing Highest Bid in the prior round, must submit an Overbid with respect to such round of bidding. To the extent a Qualified Bidder that did not submit the Prevailing Highest Bid fails to submit an Overbid with respect to such round of bidding, such Qualified Bidder shall be disqualified from continuing to participate in the Auction; <u>provided</u> Debtor, in its reasonable business judgment may permit a Bidder that has been

10

disqualified to continue to take part in the Auction solely to the extent a Qualified Bidder that has not been so-disqualified has agreed to permit such disqualified Bidder to join such Qualified Bidder in its next-round Bid. For the avoidance of doubt, a credit bid may be made at any time prior to the closing of the Auction, whether or not the secured creditor has participated in previous auction rounds.

**(v)    Closing the Auction.** The Auction shall continue until there is only one Qualified Bid for the Property that Debtor determines, in its reasonable business judgment to be the highest or otherwise best Qualified Bid for the Property. Such Qualified Bid shall be designated the "**Winning Bid**" and the Qualified Bidder who submitted the Winning Bid shall be the "**Winning Bidder**." At such time as the Winning Bid and Back-Up Bid (defined below) is designated, the Auction shall be closed; provided that (1) such Auction shall not close unless and until all Qualified Bidders have been provided a reasonable opportunity to submit an Overbid at the Auction to the Prevailing Highest Bid; (2) Debtor's designation of a Qualified Bid as a Winning Bid shall be subject to and conditioned on finalization of definitive documentation; and (3) the Winning Bidder's submission of the Winning Bidder Deposit. As soon as reasonably practicable after the designation of a Winning Bid, Debtor shall finalize definitive documentation to implement the terms of such Winning Bid and cause such definitive documentation to be filed with the Court.

**(vi)    Selection of Back-Up Bidder.**  Should a Qualified Bidder submit a Bid that is ultimately not deemed to be the Winning Bid, such party may agree that its last Bid may be deemed a back-up bid ("**Back-Up Bid**") should the successful bidder fail to timely close escrow. If such party agrees, it shall be deemed a "Back-Up Bidder" and the following additional provisions shall apply:

a.    The Deposit of the Back-Up Bidder ("**Back-Up Deposit**") shall be retained pending closing of the sale to the Winning Bidder. Should the sale to the Winning Bidder close, the Back-Up Deposit will be returned promptly.

b.    Should the sale to the Winning Bidder fail to close, the Back-Up Bidder will be notified in writing by the Debtor, after which notification the Back-Up Bidder will have fourteen (14) calendar days to close escrow in accordance with the Back-Up Bid.

Should the Back-Up Bidder fail to timely consummate the purchase of the Property, the Debtor shall retain for the benefit of the Estate as liquidated damages for such failure, the Back-Up Bidder's

Deposit, which deposit shall be retained free and clear of any and all claims and interests.

**(vii)** **No Collusion; Good Faith Offer.** Each Qualified Bidder participating at the Auction will be required to confirm on the record at the Auction that (1) such Qualified Bidder has not engaged in any collusion with respect to the bidding process; and (2) such Qualified Bidder's Qualified Bid is a good faith and irrevocable offer and such Qualified Bidder intends to consummate the transaction contemplated by its Qualified Bid if such Qualified Bid is the Winning Bid with respect to the Property.

**(viii)** **Rejection of Bids.** Debtor, in its reasonable business judgment, may reject, at any time before the Winning Bid is approved by the Court through an Order approving the sale of the Property, any Bid that Debtor determines is (1) inadequate or insufficient, or (2) not in conformity with the requirements of the Bankruptcy Code and/or these Bid Procedures.

**11.    FIDUCIARY OUT.**

Notwithstanding anything to the contrary in these Bid Procedures or any document filed with or entered by the Court, nothing in these Bid Procedures shall require Debtor, its officers and directors, or similar governing body, to take any action or refrain from taking any action with respect to any sale or these Bid Procedures solely to the extent such Debtor or governing body determines in good faith, in consultation with counsel, that taking or failing to take such action, as applicable, will be inconsistent with applicable law or its fiduciary obligations under applicable law.

**12.    "AS IS, WHERE IS"**

The sale of the Property is subject to Court approval and is on an "as is," "where is," "with all faults," and "no warranty or recourse whatsoever" basis.

By submitting a Bid, each Bidder will be deemed to acknowledge and represent that (A) it had an opportunity to conduct adequate due diligence regarding Debtor and the proposed sale of the Property prior to making its Bid, (B) has relied solely on its own independent review, investigation, and inspection of any document in making its Bid, and (C) did not rely on or receive from any person or entity (including Debtor, its advisors, or other representatives, and Advisor) any written or oral statements, representations, promises, warranties, or guaranties whatsoever, whether express, implied by operation of law, or otherwise, with respect to the sale of the Property or the completeness of any

4924-1161-5296, v. 3

information provided in connection with the sale of the Property or the Auction (if any).

**13.    COMMISSIONS.**

Commissions to brokers shall be paid in accordance with the *Order Approving Application Of Debtor And Debtor In Possession To Employ Keen-Summit Capital Partners LLC As Real Estate Broker Pursuant To 11 U.S.C. § 327(a), With Compensation Determined Pursuant To 11 U.S.C. § 328* entered on September 24, 2024 [Dkt. No. 218] which authorized the Debtor to employ Advisor to act as the Debtor's broker to perform real estate consulting and advisory services and to market and sell the Debtor's real property as set forth in the *Application Of Debtor And Debtor In Possession To Employ Keen-Summit Capital Partners LLC As Real Estate Broker Pursuant To 11 U.S.C. § 327(a), With Compensation Determined Pursuant To 11 U.S.C. § 328* [Dkt. No. 192] and in accordance with the terms of the Retention Agreement between the Debtor and Advisor which both provide among other things that Advisor will receive a Transaction Fee equal to four percent (4%) of the Gross Proceeds of the sale and that if the buyer of the Property is properly represented by a real estate broker, then the Advisor shall offer fifty percent (50%) of the Transaction Fee to the buyer's broker. Dkt. No. 192.

Except as set forth above, Debtor shall be under no obligation to pay any commissions, fees, or expenses to any Bidder's agent, advisor or broker, and all such commissions, fees, or expenses for any such agents, advisors, or brokers shall be paid by the applicable Bidder at such Bidder's discretion. Except as provided above, in no case shall any commissions, fees, or expenses for any Bidder's agent, advisor, or broker be deducted from any proceeds derived from the sale of the Property.

**14.    RESERVATION OF RIGHTS.**

Debtor shall be entitled to modify these Bid Procedures in its reasonable business judgment in any manner that will best promote the goals of these Bid Procedures, or impose at or prior to the Auction (if any), additional customary terms and conditions on a sale including: (A) extending the deadlines set forth in these Bid Procedures (except where the consent of Skylark Servicer is required); (B) adjourning the Auction prior to or at the Auction; (C) adding procedural rules that are reasonably necessary or advisable under the circumstances for conducting the Auction (if any); (D) cancelling the Auction; and (E) rejecting any or all Bids or Qualified Bids. Notwithstanding the foregoing, the

13

Debtor may not extend the deadlines set forth herein past September 30, 2025, without the consent of Skylark Servicer.

**15.    RETURN OF DEPOSIT**

Any Deposits provided by Qualified Bidders shall be held in one or more interest bearing escrow accounts on terms acceptable to Debtor, with such interest accruing to the benefit of Bidder, unless such Bidder defaults under the Bidder APA. Any such Deposits will be returned to the Qualified Bidders that are not the Winning Bidder or Back-Up Bidder on the date that is three business days after the Auction (if any). Any Deposit or Winning Bidder Deposit provided by a Winning Bidder shall be applied to the sale price at closing.

If a Winning Bidder fails to consummate the sale contemplated by the Winning Bid because of a breach by such Winning Bidder, Debtor will not have any obligation to return any Deposit or Winning Bidder Deposit provided by such Winning Bidder, which may be retained by Debtor as liquidated damages, in addition to any and all rights, remedies, or causes of action that may be available to Debtor and its estate.

4924-1161-5296, v. 3

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **200 S. Los Robles Avenue, Suite 300, Pasadena, CA 91101.**

A true and correct copy of the foregoing document entitled (*specify*): **BID PROCEDURES** will be served or was served **(a)** on the judge in chambers in the form and manner by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **May 28, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jeremy Faith**   Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
- **Sandford L. Frey**   sfrey@leechtishman.com, lmoya@leechtishman.com;dmulvaney@leechtishman.com;rsokol@leechtishman.com;NArango@LeechTishman.com;dbender@leechtishman.com;nmeyers@leechtishman.com;mmocciaro@leechtishman.com
- **Thomas M Geher**   tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **Sarah Rose Hasselberger**   shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;alinares@ecf.courtdrive.com
- **Garrick A Hollander**   ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Roberto J Kampfner**   rkampfner@whitecase.com, ladocketing@whitecase.com;dnomi@whitecase.com;mco@whitecase.com
- **Paul J Laurin**   plaurin@btlaw.com, slmoore@btlaw.com;jboustani@btlaw.com;jose.barajas@btlaw.com
- **Douglas M Neistat**   dneistat@gblawllp.com, mramos@gblawllp.com
- **Mike D Neue**   mneue@goeforlaw.com, dcyrankowski@goeforlaw.com;kmurphy@goeforlaw.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **David Samuel Shevitz**   David.S.Shevitz@usdoj.gov
- **Robyn B Sokol**   rsokol@leechtishman.com, rsokol@leechtishman.com;lmoya@leechtishman.com;dmulvaney@leechtishman.com;NArango@LeechTishman.com;dbender@leechtishman.com;nmeyers@leechtishman.com;mmocciaro@leechtishman.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **David Wood**   dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **(date),** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **(date)**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 28, 2025 | Lydia Moya | */s/ Lydia Moya* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012
4881-7147-2062, v. 1

**F 9013-3.1.PROOF.SERVICE**