PETER C. ANDERSON
UNITED STATES TRUSTEE
MICHAEL JONES, State Bar No. 271574
ASSISTANT UNITED STATES TRUSTEE
DAVID S. SHEVITZ, State Bar No. 271917
TRIAL ATTORNEY
OFFICE OF THE UNITED STATES TRUSTEE
915 Wilshire Blvd., Suite 1850
Los Angeles, California 90017
(213) 894-3240 telephone
Email: David.S.Shevitz@usdoj.gov

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>**TREE LANE LLC,**<br><br>　　　Debtor and Debtor in<br>　　　Possession. | Case No.: 2:24-bk-13201-BB<br><br>Chapter 11<br><br>**UNITED STATES TRUSTEE'S OPPOSITION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY DEBTOR TREE LANE LLC AND SKYLARK (UK) SERVICER, LLC**<br><br>**Hearing on Adequacy of Disclosure Statement:**<br><br>Hearing Date:　March 11, 2026<br>Time　　　　　1:00 p.m.<br>Place　　　　　Courtroom 1539<br>　　　　　　　255 E. Temple St.<br>　　　　　　　Los Angeles, CA 90012 |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE, DEBTOR, DEBTOR'S COUNSEL, AND ALL PARTIES IN INTEREST:**

- 1 -

## TABLE OF CONTENTS

TABLE OF AUTHORITIES................................................................................................- 3 -

I.    INTRODUCTION ...................................................................................................- 5 -

II.   ARGUMENT .........................................................................................................- 7 -

A.    Minimum Disclosure Requirements ...........................................................- 7 -

B.    The Exculpation Clause is Impermissible Under Ninth Circuit Precedent Because the Temporal Limitation on the Exculpation Clause May Extend Beyond the Plan Approval Process. ...........................................................................................................- 8 -

C.    Debtor is Not Entitled to the Discharge-Like Injunction Provision Because It Proposes a Liquidating Plan That Distributes All or Substantially All of the Debtor's Assets, in Violation of Section 1141(d)(3). ...................................................................- 10 -

D.    There is No Legal Basis For the Discharge-Like Injunction Provision ......................- 12 -

1.    Non-Consensual Third Party-Releases Are Not Permitted by the Bankruptcy Code .- 12 -

2.    The Bankruptcy Court Lacks Jurisdiction to Enter Into a Permanent Injunction Barring Claims Between Non-Debtors................................................................- 13 -

3.    The Bankruptcy Court Lacks Jurisdiction to Enter Injunctive Relief Because Debtor Lacks Standing ...........................................................................................- 14 -

4.    Debtor Has Not Demonstrated That Injunctive Relief is Warranted ....................- 14 -

IV. CONCLUSION ...........................................................................................................- 15 -

## TABLE OF AUTHORITIES

**Cases**

*Cavanaugh v. Looney*, 248 U.S. 453 (1919) ..................................................................................- 14 -

*Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir. 2011)..........................................- 13 -

*City of Los Angeles v. Lyons*, 461 U.S. 95 (1983)................................................................- 13 -, - 14 -

*Duff v. United States Trustee* (*In re California Fidelity, Inc.*), 198 B.R. 567 (B.A.P. 9th Cir. 1996) .- 7 -

*eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388 (2006) ..............................................................- 13 -

*Harrington v. Purdue Pharma L.P*, 603 U.S. 204 (2024)......................................................- 11 -, - 13 -

*In re American Hardwoods, Inc.,* 885 F.2d 621 (9th Cir. 1989)......................................................- 12 -

*In re Beyond.com Corp.,* 289 B.R. 138 (Bankr. N.D. Cal. 2003) ...........................................- 6 -, - 7 -

*In re Blixseth v. Credit Suisse*, 961 F.3d 1074 n.8 (9th Cir. 2020) ........................................- 8 -, - 9 -

*In re Celebrity Home Ent., Inc.*, 210 F.3d 995 (9th Cir. 2000) ......................................................- 12 -

*In re Continental Airlines Corp.*, 907 F.2d 1500 (5th Cir. 1990) ..................................................- 11 -

*In re Fietz*, 852 F.2d 455 (9th Cir. 1988) ......................................................................................- 12 -

*In re Mallinckrodt PLC*, 639 B.R. 837 (Bankr. D. Del. 2004)........................................................- 9 -

*In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984) ..........................- 6 -

*In re Pegasus Gold Corp.*, 394 F.3d 1189 (9th Cir. 2005)...........................................................- 12 -

*In re Rohnert Park Auto Parts, Inc.*, 113 B.R. 610 (B.A.P. 9th Cir. 1990) ..................................- 12 -

*In re Stewart*, 647 F.3d 553 (5th Cir. 2011)................................................................................- 13 -

*In re Yellowstone Mountain Club, LLC*, 460 B.R. 254 (Bankr. D. Mont. 2011) ...................- 8 -, - 9 -

*In re Zale Corp.*, 62 F.3d 746, 755 (1995) ...................................................................................- 12 -

*Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986 (9th Cir. 2023) .......................................- 13 -

*Weinberger v. Romero-Barcelo*, 456 U.S. 305 (1982)................................................................- 14 -

**Statutes**

11 U.S.C. § 105(a)..........................................................................................................................- 13 -

11 U.S.C. § 524(a)...............................................................................................................- 5 -, - 10 -

11 U.S.C. § 524(e)............................................................................................................................- 8 -

11 U.S.C. § 524(g)..........................................................................................................................- 11 -

11 U.S.C. §1125 ................................................................................................................- 6 -

11 U.S.C. § 1125(e).....................................................................................................- 4 -, - 7 -

11 U.S.C. § 1141(b)...............................................................................................- 10 -, - 12 -

11 U.S.C. § 1141(d)(3)...............................................................- 4 -, - 9 -, - 10 -, - 11 -

## I.  <u>INTRODUCTION</u>

The United States Trustee hereby files this opposition (the "Opposition") to the Disclosure Statement Describing Chapter 11 Plan Of Liquidation Proposed By Debtor Tree Lane LLC And Skylark (UK) Servicer, LLC (the "Disclosure Statement") for the Chapter 11 Plan Of Liquidation Proposed by Debtor Tree Lane LLC ("Debtor") and Skylark (UK) Servicer, LLC ("Skylark") Dated January 28, 2026 (the "Plan") because, first, to the extent that applicable law authorizes exculpation beyond 11 U.S.C. § 1125(e), the exculpation provision (the "Exculpation Clause") is impermissibly broad in contravention of Ninth Circuit precedent.  Second, the Plan improperly includes a discharge-like injunction provision for the Debtor in violation of Section 1141(d)(3) since the Plan provides for the liquidation of all or substantially all of the property of the estate. Third, the Plan also includes an impermissible injunction as to a liquidating trust that does not yet exist, on account of future actions that have not yet occurred and presumably impacts creditors as well as third parties who are not even parties to the case.  Finally, the Plan cannot be confirmed because there is neither jurisdiction nor any legal basis for the injunction barring claims against non-debtors such as the liquidating trust.

The exculpated parties (the "Exculpated Parties") are defined in the Plan as follows:

"Exculpated Parties or Exculpated Party means each of the following in their capacities as such, and collectively, (a) the Debtor, (b) the CRO, (c) Skylark Servicer in its capacity as a co-proponent of the Plan, (d) the Buyer, in its capacity as the Buyer of the Tree Lane Parcel, and (e) any and all agents, attorneys, advisors, accountants, financial advisors, consultants and other professionals retained by the Estate or any Exculpated Party included in part (a)-(e), but only to the extent that that such parties were closely involved with the drafting of the Plan or sale of the Property."

Plan at 9.

The exculpation clause (the "Exculpation Clause") reads in the Plan as follows:

"Effective as of the Effective Date, to the fullest extent permissible under Section 1125(e) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, no Exculpated Parties shall have or incur, and each Exculpated Party is hereby exculpated from, any Cause of Action for any Claim related to any act or omission based on the formulation, preparation, dissemination, negotiation, entry into, filing, execution, and **implementation of any transactions approved by the Bankruptcy Court in the Chapter 11 Case**, the Disclosure Statement, the Plan, the Confirmation Order, or any contract,

instrument, release, or other agreement or document contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order, or created or entered into in connection with the Disclosure Statement, the Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of any membership interest or securities pursuant to the Plan or the distribution of property under the Plan or any other related agreement, and the implementation of the Plan and the restructuring contemplated by the Plan (including, for the avoidance of doubt, the reliance by any Exculpated Party on the Plan or the Confirmation Order), or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor and/or the Liquidating Trustee, except for Claims related to any act or omission that is determined by Final Order to have constituted actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction, without waiving the Exculpated Parties' rights to assert as an affirmative defense its reliance upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan. Notwithstanding the foregoing, the Exculpation shall be limited to conduct that occurs between the Petition Date and the Effective Date and does not release (1) any post-Effective Date obligation under the Plan or any document, instrument, or agreement executed to implement the Plan, or (2) any Claims by the Debtor arising out of any ordinary course dealings between such parties (the foregoing shall be referred to as the "Exculpation"). Nothing contained herein shall limit the liability of the Debtor's Professionals pursuant to Rule 1.8.8 of the California Rules of Professional Conduct."

Plan at 44, ¶ B and Disclosure Statement at 47-48 ¶ 2 (emphasis added).

The injunction clause (the "Injunction Clause") reads in the the Plan as follows:

"11. Injunction and Releases
Effective as of the Effective Date, pursuant to Bankruptcy Code § 524(a), to the fullest extent permissible under applicable law, and except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to of the Plan, or are subject to Exculpation, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the **Debtor, the Liquidating Trust** or the Exculpated Parties: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests, and on the Effective Date; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estate of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind, against any obligation due from such Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and

(5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan."

Plan at 45, ¶ C and Disclosure Statement at 48 ¶ 3 (emphasis added).

## II. ARGUMENT

There are many reasons set forth *infra* why the Debtor's proposed Plan should not procedure further through the confirmation process.  The United States Trustee does not raise these issues prematurely. The Disclosure Statement cannot be approved because the Plan contains provisions that are patently unconfirmable as a matter of law. A disclosure statement describing a legally impermissible plan cannot be found to contain "adequate information." *See In re Beyond.com Corp.,* 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003).

### A. Minimum Disclosure Requirements

Section 1125 of the Bankruptcy Code prohibits the solicitation of acceptances or rejections of a plan from the holder of a claim or interest unless a written disclosure statement, which the court has found to contain adequate information, has first been transmitted to such holder. "Adequate information" is defined as:

> [I]nformation of a kind, and in sufficient detail, as far is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, that would enable a hypothetical reasonable investor typical of holders of claims or interests of the relevant class to make an informed judgment about the plan. . . .

11 U.S.C. §1125(a)(1).

The phrasing of this section indicates that a finding of "adequate information" will be made on a case-by-case basis.  No set of guidelines, therefore, could hope to be exclusive or exhaustive. However, there has developed some consensus around a "core" set of factors to be considered in most cases.  The leading case setting forth these factors is *In re Metrocraft Publishing Services, Inc.*, 39 B.R. 567 (Bankr. N.D. Ga. 1984).

The *Metrocraft* court found that factors relevant to evaluating the adequacy of a disclosure "may include" the following:

> (1) the events which led to the filing of a bankruptcy petition; (2) a description of the available assets and their value; (3) the anticipated future of the company; (4) the

source of information stated in the disclosure statement; (5) a disclaimer; (6) the present condition of the debtor while in chapter 11; (7) the scheduled claims; (8) the estimated return to creditors under a chapter 7 liquidation; (9) the accounting method utilized to produce financial information and the name of the accountants responsible for such information; (10) the future management of the debtor; (11) the chapter 11 plan or a summary thereof; (12) the estimated administrative expenses, including attorneys' and accountant's fees; (13) the collectibility of accounts receivable; (14) financial information, data, valuations or projections relevant to the creditors' decision to accept or reject the Chapter 11 plan; (15) information relevant to the risks posed to creditors under the plan; (16) the actual or projected realizable value from recovery of the preferential or otherwise voidable transfers; (17) litigation likely to arise in a non-bankruptcy context; (18) tax attributes of the debtor; and (19) the relationship of the debtor with affiliates.

*Metrocraft*, *supra*, 39 B.R. at 568.

Adequate information typically includes information sufficient to allow creditors to make an informed choice regarding the approval or rejection of a plan. *Duff v. United States Trustee* (*In re California Fidelity, Inc.*), 198 B.R. 567, 571 (B.A.P. 9th Cir. 1996). Significantly, while the determination of adequate information is discretionary and factual, a disclosure statement should not be approved if it describes a plan that is patently unconfirmable. *See In re Beyond.com Corp.*, 289 B.R. 138, 140 (Bankr. N.D. Cal. 2003) (facially invalid plan precludes approval of disclosure statement).

Here, the Disclosure Statement should not be approved to the extent that it describes a Plan that cannot be confirmed due to the inclusion of the overly broad Exculpation Provision and discharge-like Injunction Provision.

**B. The Exculpation Clause is Impermissible under Ninth Circuit Precedent Because the Temporal Limitation on the Exculpation Clause May Extend Beyond the Plan Approval Process.**

To the extent exculpation is permissible beyond the provisions of section 1125(e), the Exculpation Clause is impermissible under Ninth Circuit precedent because it may not be limited to conduct that occurs during the bankruptcy case, that is, post-petition and before the Effective Date. Although most courts that have approved exculpation clauses have held that only estate fiduciaries (e.g. trustees, the debtor's officers and directors, official committees and their

members, and counsel to estate fiduciaries) may be exculpated[1], the Ninth Circuit in *Blixseth v. Credit Suisse* approved an exculpation provision for a non-estate fiduciary that was "narrow in both scope and time" and "closely involved' in drafting the Plan."  961 F.3d 1074, 1081 (9th Cir. 2020).  In *Blixseth*, the Ninth Circuit considered only whether the exculpation provision at issue could include Credit Suisse, the Debtors' largest creditor.  It cited the Third Circuit's decision in *PWS* with approval but noted that "[u]nlike the creditors committee in *PWS*, . . . Credit Suisse . . . does not have an implied fiduciary duty derived from the statute to the participants of the bankruptcy proceedings." *Blixseth v. Credit Suisse*, 961 F.3d 1074, 1085 n.8 (9th Cir. 2020).  The Ninth Circuit nevertheless approved the extension of exculpation to this non-estate fiduciary because the exculpation provision was "narrow in both scope and time," covering only parties "closely involved" in drafting the plan and involved in the plan approval process. *Blixseth*, 961 F.3d at 1082.

*Blixseth* arose when a co-founder of the debtor companies objected to the exculpation provision in the joint debtors' plan as against section 524(e).  *Id.* at 1082.  The *Blixseth* court found that "'litigation and the threat of litigation is and was plentiful.'" *Id.* at 1078 (quoting *In re Yellowstone Mountain Club, LLC*, 460 B.R. 254, 274 (Bankr. D. Mont. 2011)).  In that context, the Ninth Circuit held that the exculpation clause was narrowly tailored to allow "settling parties—including Credit Suisse, the Debtors' largest creditor—to engage" in negotiation of the bankruptcy proceedings "without fear of subsequent litigation." As such, the Ninth Circuit in *Blixseth* held that the bankruptcy court "had the authority to approve an exculpation clause intended to trim

---

[1] *See, e.g., In re Highland Capital Mgmt., L.P.,* 48 F.4th 419, 437 (5th Cir. 2022) ("any exculpation in a Chapter 11 reorganization plan [must] be limited to the debtor, the creditors' committee and its members for conduct within the scope of their duties, 11 U.S.C. § 1103(c), and the trustees within the scope of their duties . . . ."); *In re PWS Holding Corp.,* 228 F.3d 224, 246 (3d Cir. 2000) (court considered whether an official committee of unsecured creditors could be exculpated and held that Section 1103(c) implies both a fiduciary duty and a limited grant of immunity to members of the unsecured creditors' committee); *Patterson v. Mahwah Bergen Retail Grp., Inc.,* 636 B.R. 641, 700-01 (E.D. Va. 2022) ("[e]xculpation is appropriate when it is solely limited to fiduciaries who have served a debtor through a chapter 11 proceeding.") (citing *In re Health Diagnostic Lab. Inc.,* 551 B.R. 218, 232 (Bankr. E.D. Va. 2016)); *In re Washington Mutual, Inc.,* 442 B.R. 314, 350-51 (Bankr. D. Del. 2011) ("[An] exculpation clause must be limited to the fiduciaries who have served during the chapter 11 proceeding: estate professionals, the Committees and their members, and the Debtors' directors and officers."); *In re PTL Holdings LLC,* 2011 WL 5509031 at *12 (Bankr. D. Del. Nov. 10, 2011) ("[t]he exculpation clause here must be reeled in to include only those parties who have acted as estate fiduciaries and their professionals").

subsequent litigation *over acts taken during the bankruptcy proceedings and so render the Plan viable.*" *Id.* at 1084-1085 (emphasis added).

In contrast, here, the Exculpation Clause appears to exceed what is permissible under *Blixseth* because it may not be limited to conduct that occurs during the bankruptcy case, that is, post-petition and before the Effective Date. Instead, it also applies to the "implementation of any transactions approved by the Bankruptcy Court in the Chapter 11 Case." At least some of these approved transactions could take place either before or after the Effective Date of the Plan.

But courts have held that exculpation "only extends to conduct that occurs between the Petition Date and the Effective date." *In re Mallinckrodt PLC*, 639 B.R. 837, 883 (Bankr. D. Del. 2004). In *Blixseth*, the Ninth Circuit approved the exculpation there because it was "narrow in both scope and time." 961 F.3d at 1082. The bankruptcy court's decision on review in *Blixseth* specifies the narrow temporal scope of the exculpation clause at issue: it only covered acts occurring during the case, specifically "between November 10, 2008 [Petition Date] and July 17, 2009 [Notice of Effective Date]" could be exculpated. *In re Yellowstone Club, LLC*, 460 B.R. at 271. "Acts falling outside the foregoing dates are not protected." *Id.*

Accordingly, as drafted, this exculpation clause extends beyond the clause at issue in *Blixseth*. 961 F.3d at 1082; *accord, e.g.*, *Mallinckrodt PLC*, 639 B.R. at 883 (limiting exculpation to conduct during the bankruptcy case). Here, as written, the Exculpation Clause could be interpreted to include nearly any conduct that loosely connects back to the Plan—even those actions taken long after the plan is confirmed and becomes effective. For this reason, the Court should not approve the Exculpation Clause. Further, there is no indication that the inclusion of the Exculpation Clause—and by extension the breadth of the conduct set forth therein—is necessary to render the plan viable.

C. **Debtor is Not Entitled to the Discharge-Like Injunction Provision Because It Proposes a Liquidating Plan That Distributes All or Substantially All of the Debtor's Assets, in Violation of Section 1141(d)(3).**

Section 1141(d)(3) states:
The confirmation of a plan does not discharge a debtor if—
(A)the plan provides for the liquidation of all or substantially all of the property of the

estate;

(B)the debtor does not engage in business after consummation of the plan; and

(C)the debtor would be denied a discharge under section 727(a) of this title if the case were a case under chapter 7 of this title.

11 U.S.C. § 1141(d)(3).

This means liquidating corporate debtors do not receive a discharge—a rule explicitly incorporated by Congress within Title 11. Notably, under 11 U.S.C. §524(a)(2), a discharge order is an injunction that essentially prohibits the same things that the Plan seeks to prohibit through its injunctive provisions. In other words, the plan seeks to give the same relief that would normally arise under §524 and that Congress has directly said it will not give to liquidating corporate debtors.

Here, the Plan provides for the liquidation of all or substantially all of the property of the estate. *See generally*, Plan at 34 ¶ A. The Plan states that "On the Effective Date, the Debtor shall be deemed dissolved for all purposes without the necessity for any other or further actions to be taken by or on behalf of the Debtor." *See* Plan at 34 ¶ B.

Debtor does not appear to be engaging in any business after the Effective date. Despite this, Debtor's Disclosure Statement indicates that Debtor will receive a discharge-like injunction under the Plan in violation of 11 U.S.C. § 1141(d)(3). Here, although Debtor attempts to persuade the Court that the Injunction Clause is permissible by stating that "The Debtor will not receive a discharge under the Plan," the effect of the Injection Clause is a discharge-like injunction that effectively grants the Debtor a discharge when no discharge is permissible, necessary, or warranted *See* Plan at 68 ¶ A and Plan at 45, ¶ C.

A liquidating Chapter 11 plan may not include a discharge-like injunction that effectively grants the debtor a discharge when no discharge is allowed under § 1141(d)(3) because that would circumvent Congressional intent within Title 11. Accordingly, such an injunction would be inconsistent with the Bankruptcy Code and is thus impermissible.

Nor can the Debtor justify the Injunction Clause as merely protecting estate property or implementing an orderly liquidation. Upon confirmation, property of the estate vests pursuant to 11 U.S.C. § 1141(b), and the bankruptcy estate ceases to exist. At that point, there is no bankruptcy estate left to shield through the Court's injunctive authority. A permissible channeling mechanism in a liquidating plan may direct estate causes of action to a liquidating trust for prosecution and

distribution; it may not, however, operate as a substitute discharge that permanently bars creditors from enforcing independent claims or rights against the Debtor or non-debtors. The injunction here does not merely centralize estate claims, instead it extinguishes creditor remedies in a manner functionally indistinguishable from a discharge that Congress expressly prohibited under § 1141(d)(3). That is not a matter of plan mechanics; it is a direct conflict with the statutory scheme.

Accordingly, since Debtor's Plan is a liquidating Plan, and Debtor will not engage in business after consummation of the plan, the Court should not approve the discharge-like injunction provision in the Plan.

### D. There is No Legal Basis For the Discharge-Like Injunction Provision

This Court should not approve the Injunction Provision which bars claims against non-debtors such as the Liquidating Trust or as to any conduct for other non-debtor parties beyond what is set forth in the Exculpation Clause.

#### 1. Non-Consensual Third Party-Releases Are Not Permitted by the Bankruptcy Code

*Purdue* held that non-consensual third-party releases and injunctions are generally not permitted by the Bankruptcy Code. *See Harrington v. Purdue Pharma L.P*, 603 U.S. 204, 227 (2024). As the *Purdue* court noted, the Bankruptcy Code allows courts to issue an injunction in support of a non-consensual, third-party release in exactly one context: asbestos-related bankruptcies, and this case is not asbestos-related. *See id*. at 222 (citing 11 U.S.C. § 524(g)).

Even if the third-party release as to the Liquidating Trust, or as to any Exculpated Party beyond the conduct specifically listed in the Exculpation Clause could be deemed consensual, which it is not, that would not mean that the Court has authority to impose an injunction. An injunction is critically different from a consensual non-debtor release. The legal effect of a consensual release is based on the parties' agreement. *See In re Continental Airlines Corp*., 907 F.2d 1500, 1508 (5th Cir. 1990) (holding that for settlement provisions "unrelated to substantive provisions of the Bankruptcy Code," "the settlement itself is the source of the bankruptcy court's authority"). The non-debtor parties themselves are altering their relations; the Court is not using its judicial power to effect that change. An injunction, by contrast, relies on the Court's power to enter orders binding on parties. The Court must therefore have both constitutional and statutory authority

to enter an injunction.  And, once such jurisdiction and authority are established, the Court still must determine that an injunction is warranted.  But jurisdiction, authority, and a showing that injunctive relief is warranted are all absent here.

### 2.  The Bankruptcy Court Lacks Jurisdiction to Enter Into a Permanent Injunction Barring Claims Between Non-Debtors

A bankruptcy court generally lacks jurisdiction to enter a permanent injunction barring claims between non-debtors. *See In re Rohnert Park Auto Parts, Inc.*, 113 B.R. 610, 615 (B.A.P. 9th Cir. 1990) ("The Ninth Circuit has held that a bankruptcy court lacks jurisdiction and power to enjoin permanently, beyond confirmation of a reorganization plan, a creditor from enforcing a state court judgment against the debtor's guarantors.") (*citing In re American Hardwoods, Inc.,* 885 F.2d 621 (9th Cir. 1989)); *In re Zale Corp.*, 62 F.3d 746, 755, 757 (1995).  While 28 U.S.C. § 1334(b) provides concurrent jurisdiction over civil proceedings "related to" a bankruptcy case, the enjoined claims between non-debtors do not "relate to" the Debtor's chapter 11 case.

An action is related to bankruptcy if "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *See In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988).  Post-confirmation "related to" jurisdiction is limited to matters that have a "close nexus" to the debtor's plan or bankruptcy proceeding.  *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) ("'the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'").  Post-confirmation jurisdiction does not lie merely "because the action could conceivably increase the recovery to creditors." *Id.,* at 1194 n.1.

Here, post-confirmation claims between non-debtors will not have any impact on the Debtor's bankruptcy estate, because the estate will cease to exist at confirmation.  *See* 11 U.S.C. § 1141(b); *In re Celebrity Home Ent., Inc.*, 210 F.3d 995, 998 (9th Cir. 2000) ("A bankruptcy estate usually ceases to exist after a reorganization plan is confirmed; Disclosure Statement, at 62 of 96 ¶ D ("There shall be no operations post-confirmation").  Accordingly, the Court has no jurisdiction to enjoin those claims.

///

- 13 -

**3.    The Bankruptcy Court Lacks Jurisdiction to Enter Injunctive Relief Because Debtor Lacks Standing**

The Court also lacks jurisdiction to enter injunctive relief because the Debtor lacks standing to seek it.  A party seeking injunctive relief must have standing to do so. *City of Los Angeles v. Lyons*, 461 U.S. 95, 105 (1983); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011); *In re Stewart*, 647 F.3d 553, 557 (5th Cir. 2011).

To have standing, the party seeking injunctive relief must show that "he 'has sustained or is immediately in danger of sustaining some direct injury'" and "the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'"  *Lyons*, 461 U.S. at 105; *see also Phillips v. U.S. Customs & Border Prot.*, 74 F.4th 986, 991 (9th Cir. 2023) ("To the extent a plaintiff seeks relief for a possible future injury, that injury must be 'certainly impending,' … or there must be a 'substantial risk' that the harm will occur' ….") (citations omitted). "Absent such a showing, there is no case or controversy regarding prospective relief, and thus no basis in Article III for the court's power to issue an injunction." *Stewart*, 647 F.3d at 557; *Lyons*, 461 U.S. at 101-02.

The Debtor has not made the requisite showing of real and immediate harm here. Accordingly, the Court lacks jurisdiction to enter injunctive relief with respect to the clams subject to the Injunction Provision.  Further, there is no authority in the Bankruptcy Code for an injunction barring claims between non-debtors.  The Debtor cannot rely on 11 U.S.C. § 105(a) for this authority because it "serves only to carry out authorities expressly conferred elsewhere in the code." *Purdue*, 603 U.S. at 216 n.2 (quotation marks omitted).  But nothing in the Code authorizes the Court to use its judicial power to bar claims between non-debtors. *Id*. at 227

**4.    Debtor Has Not Demonstrated That Injunctive Relief is Warranted**

An injunction is not warranted by the traditional factors that support injunctive relief.  A party seeking an injunction "must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *eBay Inc. v. MercExchange, L.L.C.,* 547 U.S. 388, 391 (2006); *see also Weinberger v.*

*Romero-Barcelo*, 456 U.S. 305, 312 (1982) ("An injunction should issue only where the intervention of a court of equity 'is essential in order effectually to protect property rights against injuries otherwise irremediable.'") (*quoting Cavanaugh v. Looney*, 248 U.S. 453, 456 (1919)); *id.* (noting that an injunction is an "extraordinary remedy").

Here, the Debtor has not shown that this test is satisfied. An injunction "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat." *Lyons*, 461 U.S. at 111. There is no indication of a real or immediate threat with respect to any claim filed or held against the Debtor or the liquidating trust. Further, the injunction harms creditors because they preclude creditors from enforcing their rights under applicable non-bankruptcy law since the Debtor is not entitled to a discharge since they have proposed a liquidating plan. They would also impact the claims of creditors or third parties as to liquidating trust that does not yet exist, on account of future actions that have not yet occurred.

## IV. CONCLUSION

WHEREFORE, the U.S. Trustee objects to the Disclosure Statement because it describes a plan that is unconfirmable to the extent that it includes the Exculpation Clause, and the Injunction Clause.

DATED: March 2, 2026

Respectfully submitted,
PETER C. ANDERSON
UNITED STATES TRUSTEE

   /s/ David S. Shevitz
By:   DAVID S. SHEVITZ
    Trial Attorney

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

915 Wilshire Blvd. Suite 1850, Los Angeles CA 90017.

A true and correct copy of the foregoing document entitled (*specify*): **UNITED STATES TRUSTEE'S  OPPOSITION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY DEBTOR TREE LANE LLC AND SKYLARK (UK) SERVICER, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 1-3/2/2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

See Attached:

☒  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 3/2/2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) ___, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/2/2026 | David S. Shevitz | /s/ David S. Shevitz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                  **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION**

**SECTION I – EMAIL SERVICE**

**Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
**Sandford L. Frey**    sandford.frey@stinson.com, lydia.moya@stinson.com;robyn.sokol@stinson.com;dennette.mulvaney@stinson.com;jnaiya.herd@stinson.com
**Thomas M Geher**    tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
**Sarah Rose Hasselberger**    shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;alinares@ecf.courtdrive.com
**Garrick A Hollander**    ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
**Roberto J Kampfner  (counsel for Skylark)**    rkampfner@whitecase.com, ladocketing@whitecase.com;dnomi@whitecase.com;mco@whitecase.com
**Paul J Laurin**    paul.laurin@offitkurman.com, slmoore@btlaw.com
**Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
**Douglas M Neistat**    dneistat@gblawllp.com, mramos@gblawllp.com
**Mike D Neue**    mneue@till-lawgroup.com, martha.araki@till-lawgroup.com,myrtle.john@till-lawgroup.com,sachie.fritz@till-lawgroup.com
**Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
**David Samuel Shevitz**    David.S.Shevitz@usdoj.gov
**Robyn B Sokol  (counsel for Debtor)**    robyn.sokol@stinson.com, lydia.moya@stinson.com;dennette.mulvaney@stinson.com;dbender@leechtishman.com;jnaiya.herd@stinson.com
**James E Till**    james.till@till-lawgroup.com, martha.araki@till-lawgroup.com;myrtle.john@till-lawgroup.com;sachie.fritz@till-lawgroup.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**David Wood**    dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

**SECTION II – U.S. MAIL SERVICE**

**Debtor**
TREE LANE LLC
11301 West Olympic Blvd., #537
Los Angeles, CA 90064

**Judge**
Honorable Sheri Bluebond
United States Bankruptcy Court
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1534 / Courtroom 1539
Los Angeles, CA 90012

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.