ROBYN B. SOKOL (State Bar No. 159506)
robyn.sokol@stinson.com
STINSON LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Telephone: 310.730.7020
Facsimile: 310.730.7019

Attorney for Tree Lane LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re:<br><br>Tree Lane LLC,<br><br>        Debtor. | Case No. 2:24-bk-13201-BB<br>Chapter 11<br><br>**REPLY OF DEBTOR TO UNITED STATES TRUSTEE'S OPPOSITION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY DEBTOR TREE LANE LLC AND SKYLARK (UK) SERVICER, LLC**<br><br>Date:     March 11, 2026<br>Time:    1:00 p.m.<br>Crtrm.:  1539<br>          The Edward Roybal Federal Building<br>          255 East Temple Street<br>          Los Angeles, California |

**TO THE HONORABLE SHERI BLUEBOND, UNITED STATES BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE; AND ALL INTERESTED PARTIES**:

By this Reply, the Debtor and Debtor in Possession hereby responds to the *United States Trustee's Opposition to Disclosure Statement Describing Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC And Skylark (UK) Servicer, LLC* [Dkt. No. 332] ("**Opposition**") that was filed in response to the *Motion For Order Authorizing And Approving: (A) The Adequacy of The Disclosure Statement Describing Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC And Skylark (UK) Servicer, LLC; (B) The Form, Scope, And Nature of Solicitation, Balloting, Tabulation, And Notices With Respect Thereto; And (C) Related*

*Confirmation Procedures, Deadlines And Notices* [Dkt. No. 319] ("**Motion**")[1] in which the Debtor seeks, *inter alia*, an order approving the adequacy of the *Disclosure Statement Describing Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC and Skylark (UK) Servicer, LLC* [Dkt. No. 318]("**Disclosure Statement**"), which describes the *Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC And Skylark (UK) Servicer, LLC* filed on January 28, 2026 [Dkt. No. 317] ("**Plan**").

## I.    INTRODUCTION

As detailed in the Motion, the Disclosure Statement contains adequate information and should be approved so that the Debtor can proceed toward confirmation of its Plan.  Motion, pp. 7-10.  The sole opposition to the Motion is the one filed by the U.S. Trustee who opposes the approval of the Disclosure Statement on the grounds that the Plan is "unconfirmable to the extent that it includes the Exculpation Clause, and the Injunction Clause." Opposition, pp. 15:14-16, *see also*, pp. 2:5-15, 7:5-11, 8-12.  Contrary to the position of the U.S. Trustee, the Exculpation Clause and Injunction Clause **do not** render the Plan patently unconfirmable.  Both the Exculpation Clause and the Injunction Clause comply with the Bankruptcy Code and firmly established case law and similar language has been supported by the U.S. Trustee in 2025 and 2026 in other plans and disclosure statements.[2]

The Opposition is based on an incorrect reading of both the Exculpation Clause and the Injunction Clause by the U.S. Trustee.  The Opposition raises a single objection to the Exculpation Clause claiming that it extends past the Effective Date but the plain language of the Exculpation

---

[1] Initial capitalized terms not defined herein shall have the meanings ascribed to them in the Motion, Disclosure Statement, and Plan.

[2] *See Hawkeye Entertainment, LLC*, Case No. 1:23-bk-11501-MB [Dkt. No. 420], filed 2/04/26 after approval of disclosure statement, *Benham Rafalian*, Case No. 2:23-bk-17417-DS [Dkt. No. 240] confirmed by order entered on March 3, 2025, *Freedom 26, LLC*, Case No. 2:23-bk-16953-DS [Dkt. No. 180] confirmed by order entered on March 3, 2025.  The plans and disclosure statements in these cases contain identical exculpation clauses and injunction clauses that are identical to those in the Plan.  Having negotiated with and received approval of the language in these clauses with the U.S. Trustee, the Opposition came as a surprise.  Efforts to resolve the U.S. Trustee's concerns before the filing of the Opposition were unsuccessful.

Clause limits exculpation to the Petition Date through the Effective Date. Plan, p. 45:17-22, Disclosure Statement, p. 48:2-8.  With respect to the Injunction Clause, the plain language of the Injunction Clause does not provide blanket injunctions or discharges for the Debtor or the Liquidating Trustee.  Rather the Injunction Clause enjoins "all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to of the Plan, or are subject to Exculpation… from taking …actions against, as applicable, the Liquidating Trust or the Exculpated Parties" so that such parties look to the Plan and Confirmation Order.  Plan, pp. 45:24-47:4, Disclosure Statement, pp. 48:9-49:16.  This language ensures that the Plan and Confirmation Order are the final word and all creditors, interested parties and interest holders are on notice that their claims are resolved through the Plan. *Id.*  The plain language of the Injunction Clause does not provide an improper injunction or discharge to the Debtor, Liquidating Trust or the Estate. *Id.*  It merely enjoins claimants and interested parties whose from continued liquidation, litigation, collection efforts and setoffs on claims and interests addressed in the Plan and requires such parties to look to the Plan and Confirmation Order.

Furthermore, the arguments raised in the Opposition are confirmation issues that are appropriately addressed at the confirmation hearing on the Plan and not at the hearing on whether the Disclosure Statement contains adequate information.

Wherefore, for all the reasons set forth in the Motion, the relief sought in the Motion should be granted and the Disclosure Statement found to contain adequate information and approved.

## II.      THE DISCLOSURE STATEMENT CONTAINS ADEQUATE INFORMATION

A hearing to approve a disclosure statement is limited in scope – its purpose is to determine whether the disclosure statement contains "adequate information," which is defined as "information of a kind, and in sufficient detail, as far as reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records." 11 U.S.C. § 1125(a)(1).  The information should enable "a hypothetical reasonable investor of the relevant class to make an informed judgment" about whether to vote to accept or reject the Plan." *Id.*  A disclosure statement must contain adequate information to be approved.

When determining whether the information provided in the Disclosure Statement is adequate, this Court should evaluate the information in light of the particular circumstances of the case and the "need for a quick solicitation and confirmation." *In re El Comandante Management Co., LLC*, 359 B.R. 410, 414 (Bankr. D.P.R. 2006) (citing 4 Norton Bankr. L. & P.2d § 86.22). Courts generally do <u>not</u> address substantive confirmation issues in the context of a hearing on the adequacy of a disclosure statement. *See, e.g., In re Phoenix Petroleum Co*., 278 B.R. 385, 394 (Bankr. E.D. Pa. 2001) ("The question whether a plan meets requirements for confirmation is usually answered at confirmation hearings."); *In re Atlanta West VI*, 91 B.R. 620, 622 (Bankr. N.D. Ga. 1988) ("Consideration of whether a debtor's plan satisfies the requirements of 11 U.S.C. § 1129 is generally addressed at confirmation.").

Those courts that have considered confirmation issues at the disclosure statement stage have done so only where the plan is so "fatally and obviously flawed that confirmation is impossible." *In re Bjolmes Realty Trust*, 134 B.R. 1000, 1002 (Bankr. D. Mass. 1991). S*ee also In re Beyond.com Corp.*, 289 B.R. 138, 143-46 (Bankr. N.D. Cal. 2003) (refusing to approve disclosure statement where plan patently did not satisfy the provisions of Bankruptcy Code Section 1129(a)(4), (5) and (11)); *In re Main Street AC, Inc.*, 234 B.R. 771, 776 (Bankr. N.D. Cal. 1999) (denying approval of disclosure statement where plan sought to avoid application of the securities registration laws in violation of Bankruptcy Code Section 1129(d)).  This is not the case here.

Moreover, "such action is discretionary and must be used carefully so as not to convert the disclosure statement hearing into a confirmation hearing, and to ensure that due process concerns are protected." *In re Monroe Well Serv., Inc.*, 80 B.R. 324, 333 (Bankr. E.D. Pa. 1987). *See also In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988).

The Opposition raises only confirmation issues under 11 U.S.C. § 1129 that are not currently before the Court.  Moreover, the confirmation issues raised are entirely without merit as discussed below and do not rise to the level of the Plan being fatally unconfirmable.

///

///

CORE/3535766.0002/239370200.1                    4

## III.    THE EXCULPATION CLAUSE IS APPROPRIATE AND DOES NOT RENDER THE PLAN UNCONFIRMABLE

The Ninth Circuit has specifically recognized that exculpation clauses that focus on the plan confirmation process are not improper third-party releases under Bankruptcy Code Section 524(e). *See Blixseth v. Credit Suisse*, 961 F.3d 1074, 1082-84 (9th Cir. 2020) (recognizing distinction between claims for underlying debt and claims relating specifically to the bankruptcy proceedings, and permitting an exculpation provision which dealt with "the highly litigious nature of Chapter 11 proceedings").

With respect to the scope of actions for which exculpation is being provided, Section VIII.B. of the Plan is centered on specific actions taken during the case that relate to the Disclosure Statement, the Plan, and the Confirmation Order. This includes the Debtor's efforts to sell the Tree Lane Parcel, the Bid Procedures Order, DIP Financing and approval of same, Skylark Settlement Agreement and approval of same and all amendments thereto.  Indeed, the Ninth Circuit in *Blixseth*, the case relied upon by the U.S. Trustee, recognized the "highly litigious nature of Chapter 11 bankruptcy proceedings" and ultimately approved an exculpation clause that was "intended to trim subsequent litigation over acts taken during the bankruptcy proceedings and so render the Plan viable."  961 F.3d at 1084.

The Exculpation Clause is narrowly tailored to include only parties involved in Plan related activity and is restricted to the period of the Petition Date through the Effective Date. The Exculpation Clause provides as follows:

> Effective as of the Effective Date, to the fullest extent permissible under Section 1125(e) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan, no Exculpated Parties shall have or incur, and each Exculpated Party is hereby exculpated from, any Cause of Action for any Claim related to any act or omission based on the formulation, preparation, dissemination, negotiation, entry into, filing, execution, and implementation of any transactions approved by the Bankruptcy Court in the Chapter 11 Case, the Disclosure Statement, the Plan, the Confirmation Order, or any contract, instrument, release, or other agreement or document contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order, or created or entered into in connection with the Disclosure Statement, the Plan, the filing of the Chapter 11 Case, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of any membership interest or securities pursuant to the Plan or the distribution of property under the Plan or any other related agreement, and the implementation of the Plan and the restructuring contemplated by the Plan (including,

CORE/3535766.0002/239370200.1                5

for the avoidance of doubt, the reliance by any Exculpated Party on the Plan or the Confirmation Order), or any other post-petition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor and/or the Liquidating Trustee, except for Claims related to any act or omission that is determined by Final Order to have constituted actual fraud, willful misconduct, or gross negligence, each solely to the extent as determined by a Final Order of a court of competent jurisdiction, without waiving the Exculpated Parties' rights to assert as an affirmative defense its reliance upon the advice of counsel with respect to its duties and responsibilities pursuant to the Plan. **Notwithstanding the foregoing, the Exculpation shall be limited to conduct that occurs between the Petition Date and the Effective Date** and does not release (1) any post-Effective Date obligation under the Plan or any document, instrument, or agreement executed to implement the Plan, or (2) any Claims by the Debtor arising out of any ordinary course dealings between such parties (the foregoing shall be referred to as the "Exculpation"). Nothing contained herein shall limit the liability of the Debtor's Professionals pursuant to Rule 1.8.8 of the California Rules of Professional Conduct.

Plan, pp. 44:24-45:23, Disclosure Statement, pp. 47:9-48:8 (emphasis added). While this language has previously been approved by the U.S. Trustee in three separate recent bankruptcy cases in the Central District of California, the U.S. Trustee now wants "and implementation of any transactions approved by the Bankruptcy Court in the Chapter 11 Case" to be removed.

Additionally, the Opposition argues that the "Exculpation Clause appears to exceed what is permissible under *Blixseth* because it may not be limited to conduct that occurs during the bankruptcy case, that is post-petition and before the Effective Date." Opposition, p. 10:3-6, 16-23. This statement ignores the plain language of the Exculpation Clause. **The Exculpation Clause specifically limits the Exculpation "to conduct that occurs between the Petition Date and the Effective Date."** Plan, p. 45:17-22, Disclosure Statement, p. 48:2-8.

In sum, the Opposition raises a single objection to the Exculpation Clause arguing that the Exculpation may extend past the Effective Date. This position disregards the plain language of the Exculpation Clause which specifically limits Exculpation to the period of the Petition Date through the Effective Date. *Id.* Thus, the Exculpation Clause contained in the Plan and Disclosure Statement is appropriate and does not render the Plan unconfirmable nor present grounds sufficient to deny the Motion.

///

///

///

CORE/3535766.0002/239370200.1                    6

## IV.   THE INJUNCTION CLAUSE IS APPROPRIATE AND DOES NOT RENDER THE PLAN UNCONFIRMABLE

Whether the Injunction Clause is permissible is a confirmation issue and not one that should be addressed with respect to the adequacy of the Disclosure Statement.  Nevertheless, the Injunction Clause is appropriate and does not as the U.S. Trustee contends provide the Debtor, the Liquidating Trust or the Liquidating Trustee with blanket injunctive relief or a quasi-discharge.  Opposition, pp. 11-15.  Rather, the Injunction Clause is included to provide that the confirmed Plan and Confirmation Order control the treatment and resolution of "all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to of the Plan."  These parties who are treated in the Plan are enjoined from pursuing claims against the Debtor, the Estate and the Liquidating Trust and must look to the Plan and Confirmation Order.  This language does not as the U.S. Trustee contends provide injunctive relief to the Debtor, the Estate and the Liquidating Trust.  The Injunction Clause simply provides that claimants, interested parties and interest holders must look to the Plan and Confirmation Order and cannot continue to liquidate, litigate or take further action on behalf of their claims and interests once the Plan is confirmed.  The Injunction Clause provides for finality upon Plan confirmation, nothing more.

The Injunction Clause language is very limited and does not provide any party with a quasi-discharge or an impermissible third-party release.  The Injunction Clause provides as follows:

Effective as of the Effective Date, pursuant to Bankruptcy Code § 524(a), to the fullest extent permissible under applicable law, and except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, **all Entities who have held, hold, or may hold Claims or Interests that have been released pursuant to of the Plan, or are subject to Exculpation, are permanently enjoined, from and after the Effective Date, from taking any of the following actions against, as applicable, the <u>Liquidating Trust</u> or the <u>Exculpated Parties</u>**: (1) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests, and on the Effective Date; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree, or order against such Entities on account of or in connection with or with respect to any such Claims or Interests; (3) creating, perfecting, or enforcing any encumbrance of any kind against such Entities or the property or the Estate of such Entities on account of or in connection with or with respect to any such Claims or Interests; (4) asserting any right of setoff, subrogation, or recoupment of any kind, against any obligation due from such

Entities or against the property of such Entities on account of or in connection with or with respect to any such Claims or Interests unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Effective Date, and notwithstanding an indication of a Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims or Interests released or settled pursuant to the Plan.

Upon entry of the Confirmation Order, **all Holders of Claims and Interests and their respective current and former employees, agents, members, officers, directors, principals, and direct and indirect Affiliates shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan.** Each Holder of an Allowed Claim or Allowed Interest, as applicable, by accepting, or being eligible to accept, distributions under or reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII of the Plan.

For the avoidance of doubt and notwithstanding Bankruptcy Code § 1141(d)(3), as of the Effective Date, except as otherwise specifically provided in the Plan, **all Persons or Entities who have held, hold, or may hold Claims or Interests that are treated under the Plan shall be precluded and permanently enjoined on and after the Effective Date from enforcing, pursuing, or seeking any setoff or relief with respect to such Claim or Interest from the Debtor, the Estate, and/or the Liquidating Trust**, except for the receipt of the payments or distributions, if any, that are contemplated by the Plan.

Plan, pp. 45:24-47:4, Disclosure Statement, pp. 48:9-49:16 (emphasis added).

The above language does not provide improper injunctions to the Debtor, the Estate or Liquidating Trust as the U.S. Trustee contends. Instead, this language specifically provides that "all Persons or Entities who have held, hold, or may hold Claims or Interests that are treated under the Plan shall be precluded and permanently enjoined on and after the Effective Date from enforcing, pursuing, or seeking any setoff or relief with respect to such Claim or Interest from the Debtor, the Estate, and/or the Liquidating Trust, except for the receipt of the payments or distributions, if any, that are contemplated by the Plan." *Id.* This is the very purpose a plan – to provide and ensure finality.

The Injunction Clause is appropriate and does not render the Plan unconfirmable. Moreover, this is a confirmation issue and should be considered at the confirmation hearing and not at the hearing on the Motion.

///

///

## V.    <u>**CONCLUSION**</u>

For all of the foregoing reasons and for the reasons set forth in the Motion, the Debtor respectfully requests that the Court:

(1) grant the Motion in its entirety;

(2) approve the Disclosure Statement as containing adequate information; and,

(3) provide such other relief as is appropriate under the circumstances.


DATED:  March 4, 2026                    STINSON LLP


By:    _____*/s/ Robyn B. Sokol*_____
          ROBYN B. SOKOL
          Attorney for Tree Lane, LLC

CORE/3535766.0002/239370200.1                              9

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: **1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067.**

A true and correct copy of the foregoing document entitled (*specify*): **REPLY OF DEBTOR TO UNITED STATES TRUSTEE'S OPPOSITION TO  DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY DEBTOR TREE LANE LLC AND SKYLARK (UK) SERVICER, LLC**  will be served or was served **(a)** on the judge in chambers in the form and manner by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On **March 4, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com;Amber@MarguliesFaithLaw.com
- **Sandford L. Frey**    sandford.frey@stinson.com, lydia.moya@stinson.com;robyn.sokol@stinson.com;nmeyers@leechtishman.com;dennette.mulvaney@stinson.com
- **Thomas M Geher**     tmg@jmbm.com, bt@jmbm.com;tmg@ecf.courtdrive.com
- **Sarah Rose Hasselberger**     shasselberger@marshackhays.com, shasselberger@ecf.courtdrive.com;cbastida@marshackhays.com;alinares@ecf.courtdrive.com
- **Garrick A Hollander**     ghollander@wghlawyers.com, jmartinez@wghlawyers.com;svillegas@wghlawyers.com
- **Roberto J Kampfner**     rkampfner@whitecase.com, ladocketing@whitecase.com;dnomi@whitecase.com;mco@whitecase.com
- **Paul J Laurin**     plaurin@btlaw.com, slmoore@btlaw.com
- **Daniel A Lev**     daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Douglas M Neistat**     dneistat@gblawllp.com, mramos@gblawllp.com
- **Mike D Neue**     mneue@till-lawgroup.com, martha.araki@till-lawgroup.com,myrtle.john@till-lawgroup.com,sachie.fritz@till-lawgroup.com
- **Ronald N Richards**     ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **David Samuel Shevitz**     David.S.Shevitz@usdoj.gov, noreen.madoyan@usdoj.gov
- **Robyn B Sokol**     robyn.sokol@stinson.com, lydia.moya@stinson.com;dennette.mulvaney@stinson.com;dbender@leechtishman.com;nmeyers@leechtishman.com
- **James E Till**     james.till@till-lawgroup.com, martha.araki@till-lawgroup.com;myrtle.john@till-lawgroup.com;sachie.fritz@till-lawgroup.com
- **United States Trustee (LA)**     ustpregion16.la.ecf@usdoj.gov
- **David Wood**     dwood@marshackhays.com, dwood@ecf.courtdrive.com;lbuchananmh@ecf.courtdrive.com;spineda@ecf.courtdrive.com;alinares@ecf.courtdrive.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **(date),** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                   **F 9013-3.1.PROOF.SERVICE**

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **(date)**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 4, 2026 | Lydia Moya | /s/ Lydia Moya |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                   **F 9013-3.1.PROOF.SERVICE**
CORE/3535766.0002/235405379.1