ROBERTO J. KAMPFNER (179026)
rkampfner@whitecase.com
JACOB GAYNOR (364634)
jacob.gaynor@whitecase.com
WHITE & CASE LLP
555 S. Flower Street, Suite 2700
Los Angeles, CA  90071-2433
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

Attorneys for *Skylark (UK) Servicing, LLC*

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| In re | Case No. 2:24-bk-13201-BB |
|---|---|
| TREE LANE, LLC, | Chapter 11 |
| Debtor. | **SKYLARK (UK) SERVICING, LLC'S REPLY TO THE UNITED STATES TRUSTEE'S OPPOSITION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY DEBTOR TREE LANE LLC AND SKYLARK (UK) SERVICER, LLC** |
| | **Date:** March 11, 2026 <br> **Time:** 1:00 p.m. <br> **Judge:** Hon. Sheri Bluebond <br> **Place:** 255 E. Temple Street, Courtroom 1539 Los Angeles, CA 90012 |

REPLY TO UST'S DISCLOSURE STATEMENT OBJECTION

**INTRODUCTION**

Secured creditor Skylark (UK) Servicing, LLC ("**Skylark Servicer**") respectfully submits this *Reply to the United States Trustee's Opposition to Disclosure Statement Describing Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC and Skylark (UK) Servicer, LLC* (the "**Reply**") and respectfully represents as follows.

**PRELIMINARY STATEMENT**

On January 28, 2026, the Debtor and Skylark Servicer filed a disclosure statement (the "**Disclosure Statement**") and plan of liquidation (the "**Plan**") to resolve this case.  The Plan, if confirmed, will result in Skylark Servicer (or its designee) purchasing the Debtor's real and personal property for (a) a credit bid of its Debtor-in-Possession Loan (approximately $9.25 million, plus interest), (b) payment of $1 million in cash for the estate, (c) payment of past due real property taxes and HOA assessments and (d) payment of certain closing costs, including brokers' commissions.  The Plan is clearly in the best interests of the estate and represents the only avenue for recoveries to unsecured creditors.  No creditors or other economic stakeholders have objected to the Disclosure Statement.

On March 2, 2026, the United States Trustee filed the *United States Trustee's Opposition to Disclosure Statement Describing Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC and Skylark (UK) Servicer, LLC* [Dk. No. 332] (the "**Objection**").  In the Objection, the United States Trustee urges the Court to deny approval of the Disclosure Statement for two reasons.  First, the United States Trustee argues that the exculpation provisions set forth in the Plan are impermissibly broad.  Second, the United States Trustee argues that the injunction in the Plan is improper because it is tantamount to a discharge.  Both objections fail.

As an initial matter, both of the objections raised by the United States Trustee are objections to the Plan, not the Disclosure Statement.  As a result, they are

REPLY TO UST'S DISCLOSURE STATEMENT OBJECTION

premature.  The Objection does not contend that the Disclosure Statement does not contain adequate information.  Accordingly, the Court should approve the Disclosure Statement and questions regarding the scope of the exculpation provision and injunction can be litigated at confirmation.

In any event, both objections fail on the merits.  The exculpation provision in the Plan is consistent with Ninth Circuit precedent and should be approved.  It is expressly limited to post-petition activities and is very similar to the exculpation provision approved by the Ninth Circuit in *Blixseth*.  Further, the injunction provision is not a discharge.  It merely implements the Plan by, among other things, assuring that creditors do not disrupt the ability of the Liquidating Trust to prosecute causes of action and make distributions.

The Objection should either be deferred to confirmation or denied.

### REPLY

**A.    Plan Objections Should not be Litigated at the Disclosure Statement Hearing**

A disclosure statement that provides adequate information should be rejected only in the rare circumstances where the corresponding plan is "patently unconfirmable"—or so "fatally flawed" as to render confirmation "***impossible***." *See In re U.S. Brass Corp.*, 194 B.R. 420, 422 (Bankr. E.D. Tex. 1996) (emphasis added).[1]  "[A] plan is patently unconfirmable where (1) confirmation 'defects [cannot] be overcome by creditor voting results' and (2) those defects 'concern matters upon which all material facts are not in dispute or have been fully developed at the disclosure statement hearing.'" *In re Am. Capital Equip., LLC*, 688 F.3d 145, 154-55 (3d Cir. 2012) (quoting *In re Monroe Well Serv., Inc.*, 80 B.R. 324, 333

---

[1] *See also In re Sanders*, Case No. 14-02271-NPO, 2015 WL 7568469, at *5 (Bankr. S.D. Miss. Nov. 23, 2015) ("Here, however, the Court does not consider the Debtor's Plan to be so 'fatally flawed' as to render confirmation impossible."); *In re Scioto Valley Mortg. Co.*, 88 B.R. 168, 172 (Bankr. S.D. Ohio 1988) ("If the creditors oppose their treatment in the plan, but the Disclosure Statement contains adequate information, issues respecting the plan's confirmability will await the hearing on Confirmation. Therefore, the Debtor need not obtain creditors' approval of the plan; it need only provide them with adequate information as that term is defined in 11 U.S.C. § 1125(a)(1).").

REPLY TO UST'S DISCLOSURE STATEMENT OBJECTION

(Bankr. E.D. Pa. 1987)); *see also Phoenix Petroleum*, 278 B.R. 385, 394 (Bankr. E.D. Pa. 2001) ("The question whether a plan meets requirements for confirmation is usually answered at confirmation hearings. . . . [T]he disclosure statement should be disapproved at the threshold only where the plan it describes displays fatal facial deficiencies or the stark absence of good faith.").

Here, the Objection does not contend that the Disclosure Statement fails to provide adequate information. Rather, the Objection contends that the Plan cannot be confirmed because the exculpation and injunctive provisions of the Plan are improper. Both objections are confirmation objections and should be resolved at the confirmation hearing. Importantly, the question of whether the exculpation is proper in light of the circumstances of this case is a factual one. Indeed, the United States Trustee and the proponents disagree as to the intent of the provision, how it will be applied and what risks it is designed to mitigate. These disputes should be left for confirmation where a more fulsome record can be developed.

Further, in its Objection, the United States Trustee raises a plethora of factual and legal questions relating to the Plan injunction that also should be left for confirmation. For example, the United States Trustee states that the injunction provisions cannot be approved by the Bankruptcy Court because the Debtor "has not made the requisite showing of real and immediate harm." Objection 14:15. But that is not the Debtor's burden at the disclosure statement hearing. The Debtor need only show that the disclosure statement contains "adequate information," which is not in dispute. The Objection should be denied.

Importantly, there is no prejudice to creditors or the United States Trustee in deferring these issues until confirmation. After the Bankruptcy Court rules on the Objection, the Proponents will (if needed) modify the Plan to comply with the Court's ruling and creditors will not suffer any injury if the exculpation and injunctive provisions of the plan are weakened or eliminated post-solicitation, as requested in the Objection.

- 3 -

### B.    The Exculpation Provision is Proper

In any event, the exculpation provision, as written, is proper.  In the Objection, the United States Trustee argues that the exculpation may not be permissible under Ninth Circuit precedent because "it may not be limited to conduct that occurs during the bankruptcy case, that is, post-petition and before the Effective Date."  Objection 8:22-24.  This is inaccurate.  The Plan expressly provides, at the end of the exculpation provision, that:

> **Notwithstanding the foregoing, the Exculpation shall be limited to conduct that occurs between the Petition Date and the Effective Date** and does not release (1) any post-Effective Date obligation under the Plan or any document, instrument, or agreement executed to implement the Plan, or (2) any Claims by the Debtor arising out of any ordinary course dealings between such parties (the foregoing shall be referred to as the "Exculpation"). Nothing contained herein shall limit the liability of the Debtor's Professionals pursuant to Rule 1.8.8 of the California Rules of Professional Conduct.

Plan, pp. 45:16-23 (emphasis added).  This provision could not be clearer that the exculpation is limited to conduct occurring during the period of time between the Petition Date and the Effective Date and has been negotiated with the United States Trustee in other cases to comply with Ninth Circuit law.

The Objection acknowledges that, under Ninth Circuit precedent, non-estate fiduciaries, such as Skylark Servicer, may receive an exculpation if they were "closely involved" in the drafting of the Plan and the exculpation is narrow in time and scope.  *See Blixseth v. Credit Suisse*, 961 F.3d 1074, 1081 (9th Cir. 2020).  That is certainly the case here.  Skylark Servicer was intricately involved with the drafting of the Plan.  Further, it is a co-proponent of the Plan and was critical to negotiating its terms.  Skylark Servicer is also the purchaser of the Debtor's property pursuant to the Plan and is providing $1 million to the estate to fund recoveries to unsecured creditors.  There should be little doubt that Skylark Servicer satisfies the first *Blixseth* requirement.

Additionally, the exculpation is "narrow" as to time and scope.  As noted

- 4 -

above, the exculpation provision only applies to conduct occurring between the Petition Date and the Effective Date.  Further, the definition of "Exculpated Party" in the Plan makes clear that Skylark Servicer is only exculpated in its capacity as "a co-proponent of the Plan" and in its capacity as "Buyer of the Tree Lane Parcel."  *See* Plan, Definition of "Exculpated Parties."  This clearly and unequivocally limits Skylark Servicer's exculpation to plan-related activities. Importantly, as was the case in *Blixseth*, this bankruptcy case has been contentious and remains so.  While the Debtor and Skylark Servicer have resolved their differences, litigation remains ongoing between the estate and Mr. Zachary Vella, and between Skylark Servicer and Mr. Vella.  Further, Mr. Hadid remains a litigant in LA Superior Court.  As was the case in *Blixseth*, providing an exculpation to the Exculpated Parties, including Skylark Servicer, is appropriate under the circumstances and will assure that the sale of the Tree Lane parcel will not be challenged in the future.

The exculpation is proper.

## C.    The Injunctive Provisions are Proper

In the Objection, the United States Trustee argues that the injunctive provisions of the Plan constitute a stealth discharge.  *See Generally*, Plan, pp. 10-13.  Not so.  The Plan injunction  does nothing more than enforce the terms of the Plan, including the release and exculpation provisions to the extent approved.  It is not a *de facto* discharge inconsistent with the Bankruptcy Code.  The United States Trustee concedes in the Objection that a liquidating plan may "direct estate causes of action to a liquidating trust for prosecution and distribution."  Objection, 11:27-12:1.  It also notes that a plan may provide a mechanism to "centralize" estate claims.  Objection, 12:3.  That is all that the injunction at issue here accomplishes. Post-effectiveness, the Debtor will be dissolved, and the Liquidating Trustee will be charged with prosecuting estate causes of action and distributing proceeds.  The injunctive provisions in the Plan protect this vital function and do exactly what the

- 5 -

United States Trustee asserts to be permissible in the Objection.

Importantly, the Plan contains only limited releases and no third party releases.  As a result, the Plan injunction does not "extinguish creditor remedies" other than those related to claims treated under the Plan.  The injunctions are permissible and should be approved.

## II.    CONCLUSION

For the foregoing reasons, the Disclosure Statement should be approved, and the Bankruptcy Court should grant any other relief that is just and proper.

Dated:    March 4, 2026            WHITE & CASE LLP


                                    By:    */s/ Roberto J. Kampfner*
                                           Roberto J. Kampfner

                                    Attorneys for Skylark (UK) Servicing, LLC

- 6 -

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**White & Case LLP, 555 S. Flower Street, Suite 2700, Los Angeles, CA 90071-2433.**

A true and correct copy of the foregoing document entitled **SKYLARK (UK) SERVICING, LLC'S REPLY TO THE UNITED STATES TRUSTEE'S OPPOSITION TO DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION PROPOSED BY DEBTOR TREE LANE LLC AND SKYLARK (UK) SERVICER, LLC** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 4, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com; Angela@MarguliesFaithLaw.com; Vicky@MarguliesFaithLaw.com; Amber@MarguliesFaithLaw.com
- **Sandford L. Frey**    sandford.frey@stinson.com; lydia.moya@stinson.com; robyn.sokol@stinson.com; nmeyers@leechtishman.com; dennette.mulvaney@stinson.com
- **Thomas M Geher**    tmg@jmbm.com; bt@jmbm.com; tmg@ecf.courtdrive.com
- **Sarah Rose Hasselberger**    shasselberger@marshackhays.com; shasselberger@ecf.courtdrive.com; cbastida@marshackhays.com; alinares@ecf.courtdrive.com
- **Garrick A Hollander**    ghollander@wghlawyers.com; jmartinez@wghlawyers.com; svillegas@wghlawyers.com
- **Paul J Laurin**    plaurin@btlaw.com; slmoore@btlaw.com
- **Daniel A Lev**    daniel.lev@gmlaw.com; cheryl.caldwell@gmlaw.com; dlev@ecf.courtdrive.com
- **Douglas M Neistat**    dneistat@gblawllp.com; mramos@gblawllp.com
- **Mike D Neue**    mneue@till-lawgroup.com; martha.araki@till-lawgroup.com; myrtle.john@tilllawgroup.com; sachie.fritz@till-lawgroup.com
- **Ronald N Richards**    ron@ronaldrichards.com; 7206828420@filings.docketbird.com
- **David Samuel Shevitz**    David.S.Shevitz@usdoj.gov, noreen.madoyan@usdoj.gov
- **Robyn B Sokol**    robyn.sokol@stinson.com; lydia.moya@stinson.com; dennette.mulvaney@stinson.com; dbender@leechtishman.com; nmeyers@leechtishman.com
- **James E Till**    james.till@till-lawgroup.com, martha.araki@till-lawgroup.com; myrtle.john@tilllawgroup.com; sachie.fritz@till-lawgroup.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **David Wood**    dwood@marshackhays.com; dwood@ecf.courtdrive.com; lbuchananmh@ecf.courtdrive.com; spineda@ecf.courtdrive.com; alinares@ecf.courtdrive.com

☐ Service information continued on attached page

**2.** **SERVED BY UNITED STATES MAIL**:
On [_____], I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

Proof of Service- Treetop Adverse 01259 11-13-2025.doc

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 4, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**Hon. Sheri Bluebond**
**U.S. Bankruptcy Court**
**Roybal Federal Building**
**255 E. Temple Street, Courtroom 1539**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 4, 2026 | Diane Nomi-DeGuzman | */s/ Diane Nomi-DeGuzman* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**
Proof of Service- Treetop Adverse 01259 11-13-2025.doc