ROBYN B. SOKOL (State Bar No. 159506)
robyn.sokol@stinson.com
STINSON LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, California 90067
Telephone: 310.730.7020
Facsimile: 310.730.7019

Attorney for Tree Lane LLC

**FILED & ENTERED**

MAR 18 2026

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY evangeli   DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Tree Lane LLC,<br><br>        Debtor. | Case No. 2:24-bk-13201-BB<br>Chapter 11<br><br>**ORDER AUTHORIZING AND APPROVING: (1) ADEQUACY OF THE DISCLOSURE STATEMENT DESCRIBING CHAPTER 11 PLAN OF LIQUIDATION PROPOSED JOINTLY BY DEBTOR TREE LANE LLC AND SKYLARK (UK) SERVICER, LLC; (2) THE FORM, SCOPE, AND NATURE OF SOLICITATION, BALLOTING, TABULATION, AND NOTICE WITH RESPECT THERETO; AND (3) RELATED CONFIRMATION PROCEDURES, DEADLINES AND NOTICES**<br><br>Date:     March 11, 2026<br>Time:    1:00 p.m.<br>Crtrm.:   1539<br>          The Edward Roybal Federal Building<br>          255 East Temple Street<br>          Los Angeles, California |

On March 11, 2026 at 1:00 p.m., the hearing on the *Motion for Order Authorizing and Approving: (A) The Adequacy of The Disclosure Statement Describing Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC and Skylark (UK) Servicer, LLC; (B) The Form, Scope, and Nature of Solicitation, Balloting, Tabulation, and Notices with Respect Thereto; and*

*(C) Related Confirmation Procedures, Deadlines and Notices; Memorandum of Points and Authorities* [Dkt. No. 319] (the "**Motion**") filed by Debtor and Debtor in Possession, Tree Lane, LLC ("**Debtor**"), came on for hearing before this Court, the Honorable Sheri Bluebond, presiding. All appearances are as noted on the record.

The Court having considered the Motion, the *Disclosure Statement Describing Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC and Skylark (UK) Servicer, LLC* [Dkt. No. 318], the *Disclosure Statement Describing Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC and Skylark (UK) Servicer, LLC* filed on March 16, 2026 [Dkt. No. 341] ("**Disclosure Statement**"), the *[Proposed] Ballot For Accepting or Rejecting Chapter 11 Plan of Liquidation Proposed Jointly By Debtor Tree Lane LLC and Skylark (UK) Servicer, LLC* [Dkt. No. 323], the *United States Trustee's Opposition to Disclosure Statement Describing Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC and Skylark (UK) Servicer, LLC* [Dkt. No. 332], the *Reply of Debtor to United States Trustee's Opposition to Disclosure Statement Describing Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC and Skylark (UK) Servicer, LLC*, and *Skylark (UK) Servicing, LLC's Opposition to Disclosure Statement Describing Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC and Skylark (UK) Servicer, LLC* [Dkt. No. 334], and, all applicable pleadings, exhibits, documents and other evidence submitted in respect of the Disclosure Statement; the record in this case; and, having heard the arguments and representations of counsel, the Court determines, among other things, that:

A.    Notice of the hearing for approval of the Disclosure Statement constitutes adequate and appropriate notice under the circumstances and complies with the applicable provisions of the Bankruptcy Code, Federal Rules of Bankruptcy Procedure ("**FRBP**") and Local Bankruptcy Rules of the United States Bankruptcy Court for the Central District of California ("**LBR**"), and no other or further notice for approval of the Disclosure Statement need be given.

B.    The Court has jurisdiction to grant the relief requested herein in accordance with 28 U.S.C. §§ 157 and 1334.

C.    This is a core proceeding pursuant to 28 U.S.C. § 157(b).

D.    The Disclosure Statement filed on March 16, 2026 contains "adequate information" within the meaning of, and as prescribed by, Bankruptcy Code§ 1125(a)(1).

ORDER APPROVING THE ADEQUACY OF DISCLOSURE STATEMENT

**BASED UPON THE FOREGOING AND GOOD CAUSE APPEARING THEREFORE,**

**IT IS HEREBY ORDERED** that the Disclosure Statement contains "adequate information" within the meaning of, and as prescribed by, Bankruptcy Code§ 1125(a)(1), and that the Disclosure Statement is **APPROVED**;

**IT IS FURTHER ORDERED** that the Debtor is authorized to solicit votes and elections with respect to the *Chapter 11 Plan of Liquidation Proposed by Debtor Tree Lane LLC And Skylark (UK) Servicer, LLC (Dated March 16, 2026)* filed on March 16, 2026 [Dkt. No. 339] ("**Plan**");

**IT IS FURTHER ORDERED** that, in accordance with the procedures established by this Order, the Debtor is authorized to disseminate the following materials (the "**Solicitation Package**"):

1. The Disclosure Statement [Dkt. No. 341];

2. The Plan [Dkt. No. 339];

3. A copy of this Order approving the adequacy of the Disclosure Statement, which includes (i) the Scheduled hearing regarding confirmation of the Plan ("**Confirmation Hearing**"), and (ii) the deadline for voting, filing objections, and submitting evidence in connection therewith;

4. A separate notice of the confirmation hearing ("**Confirmation Hearing Notice**"); and,

5. With respect to those entities that are entitled to vote on the Plan, an appropriate ballot or ballots for the applicable Class;

**IT IS FURTHER ORDERED** that the Debtor shall serve (or cause to be served) the Solicitation Package on the following entities by **March 19, 2026**:

1. All known creditors (a) that have filed a proof of claim in the Debtor's case (other than claims that have been disallowed, waived, or withdrawn by order of the Court, stipulation, or otherwise), or (b) if no such proof of claim has been filed, on whose behalf the Debtors scheduled as holding a claim in each of their Schedules of Assets and Liabilities ("**Schedules**") which is not listed as a contingent, unliquidated or disputed claim;

2. All holders of encumbrances listed on **Exhibit A** to the Plan or otherwise known to hold an interest in the Purchased Assets;

3. All non-debtor parties to unexpired leases and executory contracts as of the Petition Date;

3

ORDER APPROVING THE ADEQUACY OF DISCLOSURE STATEMENT

4. All parties to any pending pre-petition lawsuits;

5. All parties who have requested special notice in this case (collectively "**Special Notice Parties**");

6. The United States Trustee ("**US Trustee**");

7.  The governmental entities enumerated in FRBP 2002(j);

8. The Internal Revenue Service ("**IRS**") in accordance with LBR 2002-2(c) and FRBP 5003(e) and using the addresses set forth in the Register of Federal and State Government Unit Addresses [FRBP 5003(e)] listed in the Court Manual under Appendix D; and,

9. Equity holders of the Debtor;

**IT IS FURTHER ORDERED** that the Confirmation Hearing shall be held on **April 23, 2026 at 10:00 a.m.** (Pacific Time) before the United States Bankruptcy Court for the Central District of California in Courtroom 1539 located at The Edward Roybal Federal Building, 255 East Temple Street, Los Angeles, California;

**IT IS FURTHER ORDERED** that the deadline by which Ballots to accept or reject the Plan must be received by the Ballot Tabulator (designated in the Disclosure Statement and defined below) is by **April 13, 2026 <u>at 5:00 p.m.</u> (*Pacific Time*)** ("**Balloting Deadline**").  All Ballots must be returned to and actually received by the Ballot Tabulator on or before the Balloting Deadline to be counted;

**IT IS FURTHER ORDERED** that April 13, 2026 ("**Objection Deadline**") shall be the deadline by which any party objecting to confirmation of the Plan must file and serve its objection and evidence in support thereof.  Any objection must be in writing; specify the name and address of the party objecting; set forth the amount of the objecting party's claim(s) and any other grounds giving the objector standing to object; set forth grounds for the objection; and be accompanied by the objecting party's evidentiary support for its objection, including declarations made under penalty of perjury and other admissible documentary evidence;

**IT IS FURTHER ORDERED** that the deadline by which the Debtor's memorandum and evidence in support of confirmation of the Plan must be filed and served is on or before April 16, 2026;

ORDER APPROVING THE ADEQUACY OF DISCLOSURE STATEMENT

**IT IS FURTHER ORDERED** that the deadline by which the Debtor shall file and serve the Ballot Tally in accordance with LBR 3018-1(a)(2) is on or before April 16, 2026;

**IT IS FURTHER ORDERED** that the following procedures will apply to balloting and the tabulation of ballots with respect to the Plan unless subsequently ordered by the Court otherwise:

1. The amount of a Claim or Interest for purposes of Ballot tabulation will be:

A. For a Claim or Interest identified in the Schedules as not contingent, not unliquidated, and not disputed, and that has not been disallowed, waived, or withdrawn by order of the Bankruptcy Court, stipulation, or otherwise, prior to the Balloting Deadline (as defined in the Disclosure Statement Order), and for which no Proof of Claim ("**POC**") or Proof of Interest ("**POI**") has been timely filed, the Claim or Interest amount, as identified in the Schedules ("**Scheduled Amount**");

B. For a timely POC or POI that is filed in a specified liquidated amount and that is not the subject of an objection filed before the Balloting Deadline, or that has not been disallowed, waived, or withdrawn by order of the Bankruptcy Court, stipulation, or otherwise prior to the Balloting Deadline, the specified liquidated amount in such POC or POI ("**POC Amount**");

C. For a Claim or Interest (whether filed or scheduled) that is the subject of an objection, in whole or in part, before the Confirmation Hearing, only the undisputed amount, if any, of such Claim or Interest, unless such Claim or Interest is temporarily Allowed under FRBP 3018(a) ("**Disputed/Estimated Amount**");

D. For a Claim that is offered an option under the Plan to have its Claim Allowed for voting purposes upon the timely election of certain options, and which claimant is in compliance with the procedures set forth in the Plan for such election, the stipulated amount specified in the Plan ("**Stipulated Amount**");

2. If an entity submits a Ballot for a Claim or Interest (i) for which there is no timely POC or POI filed and, for which there is no corresponding Scheduled Amount, or (ii) which is the subject of an unresolved objection filed prior to the Confirmation Hearing, such Ballot will not be counted, unless ordered by the Bankruptcy Court;

3. Creditors that have Claims in more than one voting Class under the Plan must submit a separate Ballot for voting their Claims in each such Class; any creditor that requires additional copies of a Ballot may either photocopy the original Ballot or obtain an additional Ballot pursuant to the instructions set forth in the Confirmation Hearing Notice and the proposed Ballot. **If a creditor uses the same Ballot to vote Claims in more than one class, such**

5

ORDER APPROVING THE ADEQUACY OF DISCLOSURE STATEMENT

**combined Ballot will NOT be counted unless the Court orders otherwise**;

4.    If an entity casts more than one eligible Ballot with respect to the same Claim or Interest before the Balloting Deadline, the last Ballot received before such deadline shall supersede any prior Ballot(s) by such entity with respect to such Claim or Interest in the Class in which the Ballot is submitted; and,

5.    Any Ballot that is incomplete or that is not received by the applicable deadline shall NOT be counted.

**IT IS FURTHER ORDERED** that any objection not timely filed and served may be deemed to be waived and to be consent to the Court's entry of an order confirming the Plan.

###

Date: March 18, 2026

Sheri Bluebond
United States Bankruptcy Judge

6
ORDER APPROVING THE ADEQUACY OF DISCLOSURE STATEMENT